## JOHN PORTER v. STATE.

No. A-83.   Opinion Filed December 1, 1910.

1.    **INTOXICATING LIQUORS—Conveying Within State—Informa-
tion.** The information alleged that the defendant, "did wilfully
and unlawfully convey intoxicating liquors from one place with-
in the state to another place therein." Held, insufficient on de-
murrer, for not stating the acts claimed to constitute the of-
fense, and for not alleging the particular circumstances of the
offense charged.

2.    **INFORMATION—Words of Statute—Sufficiency.** The informa-
tion must contain a statement of the acts constituting the of-
fense, and it is not sufficient to charge the offense in the words
of the statute when the particular circumstances of the offense
charged are necessary to constitute a complete offense.

3.    **INTOXICATING LIQUORS—Conveying Within State—Informa-
tion.** An information charging a shipment or conveyance of in-
toxicating liquor from one place within the state to another
place therein must allege the place from and to which such
liquors were so shipped or conveyed, if they are known, and if
unknown, it must be so alleged.

(Syllabus by the Court.)

*Appeal from Jefferson County Court; G. M. Bond, Judge.*

John Porter was convicted of violating the prohibition law,
and appeals.   Reversed and remanded.

John Porter was tried and convicted on an information which
charged as follows:

"That the said John Porter and Bob Edwards then and there
being, did then and there on the day and date aforesaid, wilfully
and unlawfully convey intoxicating liquors from one place within
the state to another place therein, contrary to the prohibition laws
of the state made and provided and against the peace and dignity
of the state."

The defendants objected to the sufficiency of the information,
among other grounds, as follows:   That the same "is insufficient,
vague, indefinite and uncertain, and does not charge a public of-
fense"—which was overruled by the court, and exception allowed. ·

Upon the trial the jury returned the following verdict: "We the jury find the defendants guilty as charged in the information." The defendant Porter filed a motion for a new trial, which motion was overruled and exception allowed. On February 3, 1908, he was sentenced to pay a fine of $100 and to be confined for thirty days in the county jail. From such judgment and sentence he appealed by filing in this court on January 30, 1909, his petition in error with case-made attached, together with proof of service of notices of appeal.

. *J. H. Harper,* for plaintiff in error.

DOYLE, JUDGE. Several assignments of error are presented by the petition; however, to determine this cause, it is only necessary to consider the first—"That the information is insufficient."

While as a general rule it is sufficient to charge a statutory offense in the language of the statute, there are exceptions to the rule. The information must fully state the offense, and if the statutory words are not sufficient, it must be expanded beyond them.

"The criminal nature and degree of the offense 'must appear in allegation,' also the particular facts and circumstances which render the defendant guilty of that offense." (Bishop's New Criminal Procedure, vol. 1, par. 625.)

Whether an information in the words of the statute is sufficient or not, depends on the manner of stating the offense in the statute; if every fact necessary to consttiute the offense is charged, or necessarily implied by following the language of the statute, the information in the words of the statute is sufficient; otherwise not. The statute in question here is that clause of the prohibition ordinance which reads: "Or to ship or in any way convey such liquor from one place within this state to another place therein except the conveyance of a lawful purchase as herein authorized." An information in these words only is not sufficient. Our criminal code requires that the information must contain a statement of the acts constituting the offense, and the particular circumstances

of the offense charged, when they are necessary to constitute a complete offense. The defendant has the right to have the charge against him thus stated to enable him to make his defense and in order that he may decide whether he should present his defense by a motion to quash, demurrer or plea, and that the court may determine whether the acts stated would constitute a crime or not. Under the decisions of this court the information is clearly insufficient.

"The allegation as to the shipment or conveying of the liquor is defective in not stating the place in this state from which it was so shipped or conveyed, and the place in the state to which it was so shipped or conveyed. This is a descriptive averment which is necessary for the purpose of identifying the transaction and offense." (*Sturgis v. State,* 2 Okla. Cr. 363.)

"The information must, upon its face, show that such a removal has been made, or no public offense will be charged. If the different localities are known, they should be alleged as descriptive averments. If they are not known, then enough should be stated in the information to show that the removal came within the purpose of the law." (*De Graff v. State,* 2 Okla. Cr. 519.)

Therefore the defendants' demurrer should have been sustained.

The record discloses that there was no evidence offered in the case to show the commission of the offense sought to be charged, or any other offense. The undisputed facts are that the defendants left their home in Oklahoma on the day charged, crossing Red river at the ferry near Petersburg into Texas. Returning that evening, they were ferried across the river, their hack on one end of the ferry boat and this defendant holding the team on the other end, and they landed on a sand bar. The hack, which had some whisky in it, was taken charge of by a deputy sheriff and pushed off the ferry boat. The defendant was then ordered to bring his team and hitch on to it. There was not a scintilla of evidence showing that the defendant conveyed intoxicating liquors from one place within the state to another place therein.

The judgment of the lower court is therefore reversed, and the cause remanded, with directions to dismiss.

FURMAN, PRESIDING JUDGE, and RICHARDSON, JUDGE, concur.