TROY GRIFFIN v. STATE.

No. A-772.   Opinion Filed November 24, 1911.

Appeal from the Cleveland County Court; N. E. Sharp, Judge.

Troy Griffin was convicted of violating the prohibitory law, and appeals.   Reversed and remanded.

Ben F. Williams, Jr., and Guthrie & Cardwell, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   Troy Griffin was convicted at the May, 1909, term of the county court of Cleveland county, upon a charge of unlawfully conveying whisky, and his punishment fixed at a fine of fifty dollars and confinement in the county jail for a period of thirty days.   The charging part of the information upon which this conviction is based is as follows:

"Did then and there unlawfully, wilfully, transport and convey intoxicating liquors of the following description, to wit, whisky, of a kind and brand marked as 'Old McBrayer Whisky,' from one place in the city of Norman, Oklahoma, Cleveland county, to another place therein, same being from one place in the state of Oklahoma to another place therein, and not in conveyance of a legal purchase thereof from the state agency of Oklahoma provided.   Contrary to the form of the Constitution and statutes in such cases made and provided, and against the peace and dignity of the state of Oklahoma."

Counsel for the plaintiff in error challenged the sufficiency of the information by demurrer, as follows:   "Because said information does not state facts sufficient to constitute a public offense against defendant," and a motion in arrest of judgment, as follows:

"1st.   The allegations of the indictment does not substantially conform to the requirements of the law.   2nd.   That the facts stated in said indictment does not constitute a public offense against the law of the state of Oklahoma."

In the case of DeGraff v. State, 2 Okla. Cr. 519, 103 Pac. 538, discussing a proposition involving the principle under consideration, this court said:

"An information or indictment for transferring liquor from one place in the state to another place therein, must show upon its face a removal from one locality in the state or city or county to another locality in the state, or city, or county.   If these different localities are known, they should be stated; if not known, this should be stated, and it should be made to appear that the removal came within the meaning of the law."

See also, Munn v. State, 5 Okla. Cr. 245, 114 Pac. 272; Porter v. State, 4 Okla. Cr. 654.   This cause is reversed and remanded with directions to the trial court to set aside the judgment of conviction, sustain the demurrer, and permit the county attorney to file a new information.