HARRY E. CASTEEL *et al.* v. STATE.

No. A-2697.    Opinion Filed December 15, 1916.

(161 Pac. 330.)

1. **RIOT—Unlawful Assembly—Information—Sufficiency.** An information alleging that three persons named "did unlawfully and willfully use force and violence upon the person of T. L. H., while the said persons (naming them) were then and there assembled and had so assembled prior to said acts of force and violence," is insufficient to charge either the offense of riot, rout, or unlawful assembly as defined in Penal Code (sections 2558-2561, Rev. Laws 1910).

2. **SAME—Offenses—Nature of Offense.** To constitute the offense of riot, there must be, not only a common intent on the part of three or more persons, acting together, to do an unlawful act by use of force or violence or by threats to use force or violence, accompanied by immediate power of execution, but also concert of action in furtherance of such intent.

*Appeal from County Court, Beaver County;*
*John A. Spohn, Judge.*

Charles E. Casteel, Mary R. Harris, and Harry B. Wright were convicted of riot, and they appeal. Reversed.

*Dickson & Dickson* and *Loofbourrow & Rizley,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.    The plaintiffs in error, Charles E. Casteel, Mary R. Harris, and Harry B. Wright, were jointly charged, tried, and convicted in the county court of Beaver county of a riot under section 2558, Rev. Laws 1910, which reads as follows:

"Any use of force or violence, or any threat to use force or violence if accompanied by immediate power of

execution, by three or more persons acting together and without authority of law, is riot."

From the judgment entered in pursuance of the ver-- dict they appealed by filing in this court on March 28, 1916, petition in error with case-made.

The errors assigned are, in effect, that the court erred in overruling the demurrer to the information, and that the verdict and judgment are contrary to law and to the evidence.

The charging part of the information is as follows:

"That Charles E. Casteel, Mary R. Harris, and Harry B. Wright late of the county aforesaid, on the 18th day of April, A. D. 1914, in the county of Beaver and the State of Oklahoma aforesaid, did unlawfully and will- fully use force and violence upon the person of Thomas. L. Howe while the said Charles E. Casteel, Mary R. Harris, and Harry B. Wright were then and there assem-- bled and had so assembled prior to said acts of force and violence, contrary to," etc.

In answer to plaintiffs in error's brief, the Attorney General has filed a confession of error in part as follows:

"We do not deem this a sufficient information in a case of riot. See section 2558, Rev. Laws 1910; May on Criminal Laws, pars. 165, 166; Wharton on Criminal Law, par. 153; Clark on Criminal Law, par. 152; McLain on Criminal Law, 992; Bishop on Criminal Law, 1143; Chitty on Criminal Law, 488. In all the informations the words 'riotously,' 'tumultuously,' or words of similar kind are necessary in the accusation that the community of pur- pose may be shown. See Chitty, 488; McLain, 999; Whar-- ton, 1862; Pleading and Practice, 18-1200; Bishop Proc. 992; Enc. of Forms, 18057. See, also, *Proctor v. State*, 5 Okla. Cr. 553, 115 Pac. 630; *Cochran v. State*, 4 Okla. Cr. 383, 111 Pac. 974. The language of the statute is not enough; all the elements of the offense must be:

charged. *Porter v. State,* 4 Okla. Cr. 654, 111 Pac. 1023; *Simpson v. State,* 5 Okla. Cr. 57, 113 Pac. 549. We think the demurrer to the information should have been sustained."

We are of the opinion that the information, to have been sufficient to charge a riot, should have alleged that the defendants (naming them) did unlawfully assemble with the common intent to use force and violence against the person of another (naming him), and then and there, in furtherance of such unlawful intent, and acting together willfully, unlawfully, and riotously, used force and violence against the person named; nor is it sufficient to charge a rout or an unlawful assembly as defined in our Penal Code. Sections 2560, 2561, Rev. Laws 1910. See 3 Bishop's Crim. Proc. section 992.

In *Proctor v. State,* 5 Okla. Cr. 553, 115 Pac. 630, it is said:

"To constitute the offense of riot, there must be, not only a common intent on the part of three or more persons, acting together to do an unlawful act by use of force or violence, or by threats to use force or violence, accompanied by immediate power of execution, but also concert of action in furtherance of such intent."

Says Bishop:

"Though, in law, people lawfully together may commit riot, still the assemblage must first become unlawful; that is, the riotous purpose must be entertained. Hence the unlawfulness of the assemblage must in some way appear in allegation." (3 Bishop, New Crim. Proc. section 995.)

The information filed in this case is fatally defective in that it fails to allege facts showing either an unlawful assemblage, its purpose, or a lawful assemblage and a subsequent agreement of the persons so assembled to com-

mit the unlawful act. It follows that the judgment appealed from should be reversed.

The judgment of the county court of Beaver county is hereby reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

ARMSTRONG and BRETT, JJ., concur.