## D. N. HATFIELD v. STATE.

No. A-2930.    Opinion Filed July 3, 1918.

(173 Pac. 531.)

INTOXICATING LIQUORS—Transportation—Sufficiency of Indictment —Place. An indictment for unlawfully transporting intoxicating liquor, failing to state any place from which it was taken, and merely stating that it was carried to H. street without alleging where such street was, whether in Pawnee or some other town, was too indefinite to sustain a conviction, and on the Attorney General's confession of error it would be reversed.

Appeal from County Court, Pawnee County;

Geo. E. Merritt, Judge.

D. N. Hatfield was convicted of a violation of the prohibitory law, and he appeals. Reversed, with directions.

Redmond S. Cole, for plaintiff in error.

S. P. Freeling, Atty. Gen., and R. McMillan, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, Hatfield, was convicted on a charge that he did unlawfully transport and convey intoxicating liquor, and in accordance with the verdict of the jury he was sentenced to be confined in the county jail for a period of 30 days and to pay a fine of $50. To reverse the judgment he appeals. The Attorney General has filed a confession of error in part as follows:

"That said information fails to state any place from which the liquor was taken, but in stating the place to which the liquor was carried they say it was carried to H. street, but fail to tell where said street is, whether in Pawnee or some other town. We are not in favor of

technical pleading or technical rules in its construction; but informations should be written sufficiently plain and clear to enable a person of common understanding to know what is intended. Rev. Laws 1910, 5746. There might have been an H. street in any town, city, or village in Oklahoma. The description of the places in this information is too sparse and indefinite. See *De Graff v. State,* 2 Okla. Cr. 519, 103 Pac. 538; *Griffin v. State,* 6 Okla. Cr. 684, 118 Pac. 1107; *Porter v. State,* 4 Okla. Cr. 655, 111 Pac. 1023; *Simpson v. State,* 4 Okla. Cr. 376, 111 Pac. 947; *Sturgis v. State,* 2 Okla. Cr. 368, 102 Pac. 57, etc. We regret to make this confession, but it is better to let one guilty man escape than to violate a fundamental principle of pleading in a criminal case. Most respectfully submitted."

Upon a careful examination of the record, we are of the opinion that the confession of error is well taken, and should be sustained.

For the reasons therein stated, the judgment is reversed, with direction to the lower court to sustain the demurrer to the information.