THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDWARD E. AVERILL, Appellant.

County Court, Madison County, January 29, 1925.·

Crimes — violation of village ordinance passed pursuant to Highway Law, § 288, which prohibits driving motor vehicle at greater rate than fifteen miles per hour or in manner that is not careful and prudent — village board had power to declare violation to be misdemeanor — ordinance was passed April 4, 1919, and certified copy filed with Secretary of State April 19, 1919 — not valid objection that certified copy was not filed with State Tax Commission as required by Highway Law, § 288, as amended in 1921 — publication of ordinance not required under Highway Law, § 288 — ordinance, in absence of specific objection, properly proven by certificate of Secretary of State which contained certificate by village clerk — officer in whose presence crime was committed had power to arrest outside village limits without warrant — technical objections as to conformity of sign to law not considered in view of fact that crime was clearly proved.

The board of trustees of the village of Hamilton had the power in enacting an ordinance under section 288 of the Highway Law, prohibiting the driving of motor vehicles at a greater rate of speed than fifteen miles per hour, or in a manner that is not careful and prudent, to declare that a violation of the ordinance constituted a misdemeanor.

It is not a valid objection to the ordinance, which was enacted April 4, 1919, and a certified copy filed with the Secretary of State on April 19, 1919, that a certified copy was not filed with the State Tax Commission as required by section 288 of the Highway Law, as amended in 1921; it was the duty of the Secretary of State when the powers in relation to motor vehicles were transferred to the State Tax Commission by chapter 90 of the Laws of 1921, to transfer all documents then in his possession to the Tax Commission.

While section 95 of the Village Law required the publication and posting of the ordinance, it will not be held to be invalid for failure to publish it, since it was enacted under section 288 of the Highway Law which does not require publication.

Furthermore, when the copy of the ordinance was offered in evidence only a general objection was made to it, and it is held that the ordinance was properly proved by the certificate of the Secretary of State which included a certificate by the village clerk; this ·is in conformity with section 382 of the Civil Practice Act and constituted *prima facie* sufficient proof of the existence of the ordinance.

The police officer in whose presence the crime charged was committed had power to pursue the defendant and to arrest him outside the village limits without a warrant.

The technical objection that the signs erected by the village were not in conformity to the law in that the letters thereon were a fraction of an inch smaller than that required, does not justify a new trial, since it clearly appears from the evidence that the defendant was guilty of a violation of the ordinance in that he was driving at the rate of approximately thirty miles per hour, which constituted reckless speed considering the surroundings.

APPEAL from a judgment of the Police Court of the village of Hamilton, N. Y., rendered on the 15th day of September, 1923, after a trial before Justice M. J. WHITE and a jury, convicting the defendant of a misdemeanor and adjudging that he pay a fine of ten dollars for having driven a motor vehicle on a public street of said village at a greater rate of speed than one mile in four minutes and at a rate of speed that would endanger others, in violation of an ordinance of said village passed pursuant to section 288 of the Highway Law.

*C. J. Fuess,* for the appellant.

*W. L. Burke,* for the respondent.

SENN, J.:

On the trial and preliminary thereto many objections were made by the defendant's attorney challenging the jurisdiction of the court and the regularity of the proceedings by which the defendant was brought to trial. Some of these, I think, may be dismissed as being mere technicalities. Those which demand serious consideration may be briefly summarized as follows:

1. That the provisions of the ordinance are not in compliance with section 288 and related sections of the Highway Law under which it was enacted.

2. That an official copy of the ordinance was not shown to have been filed with the State Tax Commission as required by said section, but instead it was shown to have been filed in the office of the Secretary of State.

3. That there was no proof of the publication and posting of the ordinance as required by section 95 of the Village Law.

4. That the village police had no authority to arrest the defendant outside the limits of the village of Hamilton.

There was a trial by jury. There was evidence from which the jury had a right to find that on the 30th day of August, 1923, the defendant drove a motor vehicle, an automobile, upon and along Broad street in the incorporated village of Hamilton at a rate of speed in excess of fifteen miles per hour, really at the rate of about thirty miles per hour, for a distance of more than one-eighth of a mile and that this was not careful or prudent driving; that signs of the kind required by section 288, regarding the limit of speed allowed, had been properly placed. Legal objections

aside, the evidence justified a finding that the defendant was guilty as charged.

The ordinance was passed on April 4, 1919, and a copy, duly certified by the village clerk, was filed in the office of the Secretary of State on April 19, 1919, it providing that " No person * * * shall ride, drive or operate * * * any motor vehicle * * * on any street or public highway in the village of Hamilton, N. Y., at a greater rate of speed than one mile in four minutes or in a manner that is not careful and prudent. * * * Any violation of this ordinance shall constitute disorderly conduct and any person violating * * * is also declared to be guilty of a misdemeanor and upon * * * conviction thereof shall be punishable by a fine of not to exceed * * * fifty dollars * * *."

The appellant contends that the village board was without power to declare a violation of the ordinance a misdemeanor and that that part of the ordinance is void. This doctrine was held under section 288 of the Highway Law in *People* v. *Chapman* (88 Misc. 469, 472), and in *Chapman* v. *Selover* (172 App. Div. 858, 862), two cases which grew out of the same transaction, the former being where the defendant was arrested and fined for a violation of an ordinance of the village of Tully, in relation to motor vehicles, and the latter was an action for false arrest and imprisonment, brought by Chapman against the officer who without a warrant arrested him for the alleged violation. In the two cases mentioned it was held that the officer was without authority to make the arrest on the theory of a misdemeanor committed in his presence. But the Court of Appeals in *Chapman* v. *Selover* (225 N. Y. 417, 420) reversed the Appellate Division's decision, among other things saying: " We think the power of the local authorities has been too narrowly construed. A speed that is safe in the open country may be dangerous in cities and villages. The purpose of the legislature * * * was not to relax in such localities the rules of the road. It was to make them more rigid. We should be slow to construe the statute as making excessive speed a misdemeanor in districts where the danger is slight, and in denying to it a like quality where the danger is great. Its language does not force us to a construction so unreasonable."

Upon this authority I can well dismiss the objection first noted.

I do not think that I should sustain the objection that an official copy of the ordinance was not filed with the State Tax Commission. It is true that section 288 of the Highway Law, as amended, requiring this, was in effect at the time of the trial. But the section required

the official copy to be filed at least thirty days before the ordinance was to go into effect. Manifestly this could not be done in the case of the ordinance in question, as it had already been in effect for about two years when the amendment of 1921 was passed. The official copy had in due time been properly filed in the office of the Secretary of State, as the law then provided. Surely, it could not have been intended to nullify and require the repassage of all ordinances for the purpose of filing with the State Tax Commission. The purpose of requiring this filing was principally for the information and administrative uses of the State department having powers and duties in relation to motor vehicles. By chapter 90, Laws of 1921, section 8, these powers were transferred from the Secretary of State to the State Tax Commission and section 10 provides for the transfer of all documents then in the possession of the Secretary of State, in relation to such powers and duties, to the State Tax Commission. Presumably this has been done. At any rate, it is not the business of the villages to make the transfers or see that it is done, and if not done, it no more affects the validity of the ordinances than it would if the Commission should fail to print a summary of the ordinances as required by the same section.

There was no proof given on the trial as to the publication and posting of the ordinance, pursuant to section 95 of the Village Law. It might have been well to have done this and so saved the question; still, all things considered, I do not feel that the judgment should be reversed on that ground. When the copy of the ordinance, certified by the Secretary of State, was offered in evidence, only a general objection was made, without pointing out wherein it was not competent.

The ordinance was enacted under section 288 of the Highway Law. This does not require such publication, but does require, as a condition to its validity, several things to be done which are not required by the Village Law. While I am not prepared to so hold, I am not sure but that these extra requirements were intended in the case of motor vehicles, etc., to supersede those of the general Village Law. The purpose of the law requiring publication was to give notice to all concerned of the enactment of the ordinances. Certainly this purpose is much better served by the placing of the signs which are not easy to overlook and constitute a more vivid and permanent reminder than the published notices.

It is a very familiar rule that the courts cannot take judicial notice of municipal ordinances. (*People* v. *Traina*, 92 Misc. 82; *People* v. *Chapman, supra.*) The due enactment of the ordinance, as well as the erection of the proper signs provided by law, must be shown. (*People* v. *Hayes*, 66 Misc. 606.)

The reason for the rule is obvious.  Every one is chargeable with knowledge of the statutes and general laws, but it would be a hard rule indeed which would require every one to know all the ordinances of the various municipalities which he might traverse. As stated by the court in *Porter* v. *Waring* (69 N. Y. 250, 254), " it would involve the consideration of all the numerous enactments, whether printed or otherwise, which the council have adopted which relate to the subject of the controversy, and the existence of many of which might be entirely unknown to the parties or their counsel." All of which are matters not within the ordinary scope of judicial knowledge.  So it will be seen that it is the reason for the rule which has made the rule.

In *City of Buffalo* v. *Stevenson* (145 App. Div. 117, 120) the court cited with a certain degree of approval the doctrine held in some other jurisdictions that the rule in question does not obtain in an action in the Municipal Court of the city where the ordinance has been enacted, because in such a case the ordinance is " the peculiar law of that forum," affording a reason for a departure from the general rule.

While this dictum, being practically obiter, may not be cited as an authority in that regard, still it shows a trend away from the old hard and fast doctrine that in proving municipal ordinances it is also necessary to prove in detail the doing of all the acts necessary to give them validity.  In the *Buffalo* case there was but slight proof as to the ordinance.

It is true that in *Shaw* v. *N. Y. C. & H. R. R. R. Co.* (85 App. Div. 137) the court held that proof of posting and publishing of an ordinance of the village of Chatham, under the Village Law of 1847, was essential.  Other cases are to the same effect.  I find no cases where this was held under section 288 of the Highway Law.  Section 388 of the Civil Practice Act provides that " an act, ordinance  *  *  *  of the board of trustees of an incorporated village  *  *  *  may be read in evidence, either from a copy thereof certified by the  *  *  *  village clerk  *  *  *  or from a volume printed by authority of the  *  *  *  board of trustees of the village."

In the case at bar the proof was made by offering a certificate of the Secretary of State which included a certificate by the village clerk.  This was also in conformity with section 382 of the Civil Practice Act.  I believe that this constituted *prima facie* sufficient proof of the existence of the ordinance.

The arrest was made by the police officer for a misdemeanor and disorderly conduct committed in his presence in the village of Hamilton.  The actual arrest was outside the village limits but

it was on pursuit immediately and continuously after the alleged speeding.

This could be done by the officer without a warrant or by a private citizen. (Code Crim. Proc. §§ 177, 183.) In regard to the right to make such an arrest the private citizen and the officer without a warrant are on an equal footing. *Butolph* v. *Blust* (41 How. Pr. 481) has been cited as an authority to the contrary. But that was a case where a police officer of the city of Syracuse, on the complaint of a citizen who saw the act, arrested a person outside the city limits. The citizen who called the police officer was an alderman who, under certain conditions, had a right under the city charter or statute to make arrests within the city. Instead of exercising this right when he saw the act committed (cruelly beating a balky horse) he went for an officer. When the officer reached the spot, which was near the city line, the accused had ceased beating the horse. When he saw the officer he crossed over into Salina whither the officer pursued and arrested him. This was held to be an illegal arrest. The circumstances of that case differ materially from those in this case. Besides, the law as to arrests by private persons and officers without a warrant was not as specific then as it is now.

It would be strange indeed if a police officer of the village of Hamilton could not make an arrest under circumstances where it could be done by a private citizen.

On the trial an issue was made as to whether the signs erected by the village were in conformity to the law. In giving evidence as to the height of the letters, a witness for the defendant testified that certain letters were only five and thirteen-sixteenths inches high. It is claimed that through inadvertence he referred to the words " Slow down " when he intended to refer to the words " to * * * miles; " that the jury who, by consent, thereafter inspected the sign, were misled by their attention being directed to the wrong letters. A new trial is asked on this ground.

I should be inclined to grant this if the defendant, either on the trial or in his affidavit on appeal or in any other way, had made any claim on the merits. For instance, if he denied that he was speeding or exceeding the speed limit, or claimed that his speed was only slightly or negligibly in excess of the limit, so that he was prosecuted for only a technical violation. In such case he would be justified in resorting to technicalities in his defense. But according to the undisputed testimony he was driving at a reckless speed considering the surroundings. For that reason I do not feel that I should exercise my discretion to order a new trial to be held mainly on legal niceties and technicalities, or

based on a variance of a small fraction of an inch in the size of a letter or, as litigated on the trial, the height above ground of a sign which may have negligibly sagged or been dubiously affected by the raising of an ant hill.

The judgment appealed from must be affirmed.