# JOE HEWETT v. STATE.

No. A-5489.   Opinion Filed Feb. 12, 1927.
(252 Pac. 1109.)

Amil H. Japp, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Canadian county on a charge of making a false entry in a report with the intent to deceive the state bank commissioner, and his punishment fixed at a fine of $1, and imprisonment in the state penitentiary for a term of five years.

The information was in three counts. The first count charged the making of a false entry in official report in certifying that C. R. Forster, assistant cashier of said bank, on September 14, 1923, was not indebted to said bank, setting out that the report was made on October 10. The second count in substance alleges that Joe Hewett did on or about October 10, 1923, * * * make a false entry in the official report of the condition of the Mustang State Bank, * * * with the unlawful and felonious intent * * * to deceive the bank commissioner * * * by duly certifying that on said date the unsecured overdrafts in said bank totaled $804.37, when in truth and in fact the total amount of overdrafts in said bank on said date was $1,304.37, the said Joe Hewett then and there being an active officer and director of said bank, to wit, cashier. * * * The third count charges that defendant made a false entry in said bank by setting out that Joe Hewett, the cashier of said bank, was not indebted to said bank on September 14, it being alleged that said report was made on October 10.

The second count upon which the trial was had did not directly allege that the report made on October 10, 1923, was as to the condition on September 14, 1923,

but throughout the trial and in the instructions of the court the second count was treated as if it had alleged the date of the condition of the bank on September 14, the same as in counts 1 and 3, and it was so stated in the opening statement of counsel for the state, to which no exceptions were taken, nor were any exceptions taken to the instructions of the court, fixing the time at September 14. Generally the allegation of time, where time is not of the essence of the offense, need not be strictly proven as alleged. Section 2559, Comp. St. 1921. The report offered in evidence purports to have been made on October 10, showing the condition of the bank in the particulars alleged as of September 14.

The first contention is that the information is insufficient. Defendant insists that it must be alleged that the bank commissioner had issued a call for a report of the condition of the bank, and that the report in which the alleged false statement was made was in answer to such call. He further insists that in case the false entry was taken from the record of the bank, such fact must also be alleged, citing section 4130, Comp. Stat. 1921; Fletcher v. State, 2 Okla. Cr. 300, 101 P. 599, 23 L. R. A. (N. S.) 581; Porter v. State, 4 Okla. Cr. 654, 111 P. 1023; United States v. Potter (C. C.) 56 F. 97; Cochran et al. v. United States, 157 U. S. 288, 15 S. Ct. 628, 39 L. Ed. 704.

Various sections of our statutes set out the requisites of an indictment or information. The sufficiency of indictments or informations under the provision of the various statutes alluded to has been crystallized into a general rule, in substance, that an indictment or information is sufficient if it alleges the essential elements of the crime sought to be charged and informs the accused of the offense with such particularity as will enable him to prepare for his trial, and so identifies

the offense that if convicted or acquitted he will be able to defend himself, in case he be indicted or informed against again for the same crime, by pleading the record of such former conviction or acquittal, and with such degree of certainty that the court may pronounce judgment upon conviction according to the right of the case, and that neither presumptions of law nor matters of which general judicial notice is taken need be stated, and that no case shall be reversed on appeal on account of error in any matter of pleading unless it appears that such error has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, although the crime sought to be charged is not stated in the exact language of the statute, nor contain all the phraseology and technical language ordinarily used in criminal pleading, and might have been more certain and definite. The decisions of this court upon this point are numerous.

In Anderson v. State, 21 Okla. Cr. 193, 207 P. 977, the sufficiency of an information drawn under section 4126, Comp Stat. 1921, was considered. That section is similar to section 4181, under which the prosecution in this case was had; the material difference being that section 4126 makes it unlawful for an officer of a bank to willfully and knowingly make a false report or false statement or entry in the books of the bank with intention to deceive any person, while section 4181 makes it unlawful for such officer to make a false entry in a report with intent to deceive the bank commissioner. The information here is very similar to the information in that case. The court in the Anderson Case said:

"It is the opinion of this court that the information in this case is not only sufficient to withstand an objection to the introduction of testimony thereunder, but

is good as against a demurrer should one have been lodged upon the ground of insufficient facts."

We believe the information here sufficiently meets the requirements of the law, and that the demurrer was properly overruled.

It is next argued that the section of the law under which defendant is prosecuted is unconstitutional as in violation of article 5, § 57. The banking act, creating a banking board, was enacted by chapter 6 of Laws 1907-08, and defines several crimes against the banking law. This act was carried forward in the Laws of 1910. In 1913, the Legislature enacted a law, chapter 22, under the title:

"An act amending sections 1, 2 and 3, of chapter 31 of the Session Laws of Oklahoma, 1911, and section 3 of article 2 of the Session Laws of Oklahoma, 1907-08; providing penalties for the violation of the banking laws of this state, and providing punishment therefor; and declaring an emergency."

Under this title are several new sections defining crimes committed by officers and employees of banks, among them the section under which this prosecution is had. It is contended that the foregoing title does not express any subject relating to defining crimes or the punishment therefor, but refers merely to amending certain sections of the Law of 1911, and the Law of 1907-08.

It will be noted here that said title is divided by a semicolon into two parts; the first part relating to the amendment of certain designated sections of the 1907-08 and 1911 banking laws of this state, and the latter portion providing penalties for the violation of the banking laws of this state and fixing the punishment therefor. It was this latter portion of said title which authorized the passage of section 15 of said

chapter and to which said section was cognate. Chap-22 of the Laws of 1913 was carried forward into the Compiled Statutes of 1921, and was amended in some particulars by chapter 135, Laws 1923. It is true that section 4126, Compiled Oklahoma Statutes 1921, relating to the making of a false report of said bank, was not directly repealed or referred to in said chapter 22; hence said section is still in force and effect except where the provisions thereof are repealed by necessary implication by chapter 135, Session Laws 1923. It may be that some portions of said section 15 were superseded by chapter 135, Session Laws 1923, but certainly there is a distinction between making a false report with intent to deceive any person and making a false entry in a report with intent to deceive the bank commissioner. The first section is far more inclusive in its nature than said second section, and hence could not be repealed by implication in its entirety. Said section 15 was incorporated as section 4181 in the Compiled Oklahoma Statutes of 1921, and was amended in 1923 by chapter 135; the title to said chapter referring directly to said section and amending the same. Hence, as section 3 of said chapter 135, amended section 4181, supra, which amendment was duly authorized by and was cognate to the title of said chapter 135, and as said section 15 of the 1913 Laws, to wit, section 4181, supra, was authorized by and was cognate to the second portion of the title of chapter 22, supra, of the 1913 Laws, said section is not unconstitutional. Ex parte Powell, 6 Okla. Cr. 495, 120 P. 1022; Ex parte Ambler, 11 Okla. Cr. 449, 148 P. 1061; Jackson v. State, 22 Okla. Cr. 338, 211 P. 1066.

It is next argued that the evidence is insufficient to sustain the verdict. The evidence is somewhat voluminous, involving considerable testimony and numerous exhibits from the books, papers, and records of

the bank. We do not deem it necessary to recite any part of this in detail, but find that it is sufficient.

Lastly, it is contended that the court erred in refusing defendant's requested instruction No. 1, relating to intent. No exception was taken to the court's failure to give this instruction. The court, however, did properly charge that it was necessary for the state to prove intent to deceive the bank commissioner. Of course, this could be proven only by circumstances. Defendant also requested the court to give an instruction relating to the testimony of an accomplice. The request seems to be correct as a proposition of law, and is predicated on defendant's theory that the witness Forster, who was assistant cashier of the bank, was an accomplice. We do not find that the evidence sustains this contention. So far as the record shows, Forster, who compiled the records from which the report purports to have been taken, did so correctly, while the general ledger, which was in the sole charge of defendant, contained false entries and from these false entries the report was made. The court correctly held that an instruction upon accomplice was not applicable to the facts proven.

Upon a consideration of the whole record we are of the opinion that the defendant was fairly tried, the issues fairly submitted, and no error requiring a reversal is shown.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.