THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SAM REISNER, Defendant.

City Magistrates' Court of New York, Municipal Term, Borough of Brooklyn, December 29, 1936.

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin, Assistant Attorney-General,* of counsel], for the plaintiff.

*Smithline & Feldman,* for the defendant.

DEANDREA, C. M. One Charles P. Dinegar, a detective, a member of the police department of the city of New York, prior to the 16th day of September, 1936, was duly assigned for duty

with the Labor Department of the State of New York, at the request of the State Industrial Commissioner, and with the consent of the commissioner of police of the city of New York, and on that day, and for some time thereafter, said detective continued such assignment. During the course thereof said officer, as appears by the complaint before the court, charged the defendant, Sam Reisner, with having unlawfully violated, and having omitted to comply with, the provisions of paragraph (h) of rule 1 of the Rules of the Division of Bedding of the Department of Labor, formulated pursuant to section 388 of article 25-A of the General Business Law, constituting chapter 20 of the Consolidated Laws of the State of New York, as amended, in that the said defendant, a manufacturer of articles of bedding, in his business establishment, at No. 1025 Broadway, borough of Brooklyn, New York city, did unlawfully store three old mattresses in the sterilizing chamber in said premises, contrary to the General Business Law and the rules made thereunder.

The defendant was arraigned on the 21st day of September, 1936, and entered a plea of not guilty. Subsequently, upon the opening of the trial of the issues, the defendant moved for a dismissal of the complaint on the ground that the complainant, the " police officer, did not have the authority to issue a summons for an alleged violation of the General Business Law of the State of New York, since he was not the proper person designated by that law to proffer such charges, and, furthermore, that this court did not have the jurisdiction to entertain the complaint against the defendant upon a summons issued by a police officer of the city of New York, for the alleged violation of article 25-A of the General Business Law."

Decision on the motion to dismiss the complaint was reserved, pending argument on the law and the issues of law raised thereby, and of the completion of the trial, which point has been reached.

The People's evidence established that the State Industrial Commissioner was having difficulty in apprehending violators of article 25-A of the General Business Law and section 446 of the Penal Law, which relates thereto, and was in need of trained and experienced men to bring violators before the bar of justice; that the State Industrial Commissioner made written request to the police department of the city of New York for its assistance in that regard, and the commissioner of police of said city granted the request and duly assigned members of his department, among whom was the complainant in this case, to assist the Industrial Commissioner; that while performing duties in his said new assignment the police officer caused to be brought before this court, to answer for the violation in question, the defendant.

Article 25-A of the General Business Law and the rules promulgated by the State Industrial Commissioner, with the aid and assistance of the Division of Bedding of the Department of Labor, duly appointed by the Commissioner, and of an Advisory Board, duly appointed by the Governor, provide the manner of maintenance, and of the operation, of sterilizing chambers to be used in connection with the manufacture of bedding. Paragraph (h) of rule 1 of said rules specifically prohibits the use of a sterilizing chamber for storage purposes. The power of enforcement of said article, under section 387 thereof, is vested in the Industrial Commissioner.

Section 446 of the Penal Law specifically makes any violations of article 25-A of the General Business Law a misdemeanor, and specifies the nature and extent of the punishment which may be imposed for a violation of the provisions thereof.

The powers of arrest of a police officer, as found in section 177 of the Code of Criminal Procedure, include that of such officer to make, without a warrant, an arrest of a person for a crime committed, or attempted, in his presence.

Section 130 of the Inferior Criminal Courts Act gives to this court jurisdiction to hear and determine the subject-matter of an information regarding any violation of article 25-A of the General Business Law. By this provision a city magistrate, in the city of New York, may act as a justice of a Court of Special Sessions, and to exercise said power.

Section 141 of the Inferior Criminal Courts Act of the City of New York provides: " All charges of misdemeanor which may be tried by a Court of Special Sessions held by one magistrate for the violation of an ordinance of the city of New York, or of the rules and regulations of any department, bureau, board or commission of the city, and all such charges for the violation of any statute of the State of New York when the action is prosecuted by or on behalf of any department of the city of New York, except the police department, or by or on behalf of the Department of Labor of the State of New York, shall be tried by the Municipal Term."

From this it appears that the intention of the Legislature in enacting said law was to confer on this court jurisdiction in cases such as the instant one.

The Attorney-General is the prosecutor in all matters brought on by or on behalf of the Department of Labor, and he may assign assistants to prosecute actions in the Municipal Term of the City Magistrates' Court for violations of laws over which the Department of Labor has jurisdiction. In this action an assistant to prosecute the matter was assigned, and represented the People.

Section 315 of the Greater New York Charter, in enumerating the duties of the police department, and members of its force, includes that of guarding the public health, and that of enforcing and preventing violations of all laws and ordinances in force in the city; and for the purpose of bringing offenders to answer for violations, the police department, and the members of its force, are given the power to arrest them.

An ordinary citizen has the power of making an arrest where there has been committed, in his presence, a crime, which, of course, includes a misdemeanor. (*People* v. *Averill*, 124 Misc. 383.) It matters not whether the crime is a violation of the municipal or State law. It is the public duty of a citizen to make an arrest where a crime has been committed, or is attempted to be committed, in his presence.

A police officer's arrest may seem more binding and effective because he is outwardly clothed with special evidence of authority, but an arrest by a citizen is just as binding as one by a police officer. In this case the mere fact that the arresting agency was a police officer of the city of New York, assigned to the Department of Labor of the State of New York, does not nullify the act of an offending defendant.

For the reasons heretofore assigned, the court overrules, and finds to be without weight, the contentions of defendant, as to jurisdiction.

A police officer is rightfully discharging his duties when he makes an arrest of a person for a crime, committed or attempted, in his presence. In this case the evidence convinces the court that a crime, to be true only a misdemeanor, was committed in the officer's presence. The defendant did use the sterilizing chamber in his bedding establishment for storage purposes and thereby violated the provisions of article 25-A of the General Business Law, in permitting and allowing such sterilizing chamber for such storage purposes.

The court, therefore, finds the defendant guilty, as charged.