## TRENT v. STATE.

No. A-11224.   Dec. 6, 1950.

(225 P. 2d 191.)

Harry C. Kirkendall, Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The amended information upon which the defendant, Mrs. Wayne Trent, was tried was fatally defective.   Omitting formal parts, such information alleged:

"Did then and there Unlawfully, Wilfully and Wrongfully transport certain spirituous, vinous, fermented malt and intoxicating liquor, to-wit; 2½ cases of whisky, from a point approximately 200 yards east of the intersection of Fourth & Willow Streets, Enid, Garfield County, Oklahoma, Contrary to the form of the Statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma."

This amended information was filed after the commencement of the trial over objection of counsel for defendant.   After permission to file the amended information was given, counsel for defendant asked for time in which to plead to such amended information, which request was denied on the ground that the amended information was in fact no different from the original information.   Counsel for defendant, not having been permitted to attack the information by demurrer or plea, the trial proceeded the same as if a plea of not guilty had been entered.

On appeal we shall consider the sufficiency of the information to charge the offense of illegal transportation of whisky which was the charge submitted to the jury.   If it was insufficient to charge the offense of illegal transportation of intoxicating liquor, then the court

erred in not granting counsel for the defendant time in which to prepare and file a demurrer to such amended information.

The statute under which this prosecution was maintained provides that it shall be unlawful "to ship, or in any way convey, such liquor from one place within this state to another place therein". 37 O.S. 1941 § 1. Early in the history of our state this statute came on for construction many times and this court held that an information charging the illegal transportation of intoxicating liquor must show upon its face a removal from one locality in the state or city or county to another locality in the state, or in the city or county. If these different localities are known, they should be stated; if not known this should be stated and it should be made to appear that the removal came within the meaning of the law. De Graff v. State, 2 Okla. Cr. 519, 103 P. 538; Griffin v. State, 6 Okla. Cr. 684, 118 P. 1107; Porter v. State, 4 Okla. Cr. 654, 111 P. 1023; Simpson v. State, 4 Okla. Cr. 376, 111 P. 947; Sturgis v. State, 2 Okla. Cr. 363, 102 P. 57; Hatfield v. State, 14 Okla. Cr. 514, 173 P. 531.

The county attorney failed to allege in the amended information the point to which the intoxicating liquor was transported and he did not allege that such point was unknown. It was purely an oversight or typographical error, as the original information gave the point to which the intoxicants were transported but erroneously described the place from which the transportation was commenced. In preparing the amended information the prosecutor in his haste to correct the information as to the place from which the transportation was commenced wholly failed to set forth any place to which the liquors were conveyed. Before there could be an illegal convey-

ance the intoxicants must be removed from one place to another place. The distance that the intoxicants are transported is immaterial and to constitute an illegal transportation it is not necessary that the ultimate destination be a fixed point. Thomas v. State, 27 Okla. Cr. 264, 226 P. 600. The amended information does not comply with the fundamental principles of pleading in a criminal case.

An attack is made by the defendant on the sufficiency of the affidavit to obtain a search warrant for the automobile driven by the accused. It is unnecessary to determine this question as the testimony of the officers showed that as they approached the automobile operated by defendant she commenced to flee at a high rate of speed and at the same time started throwing bottles and lugs of whisky from her car. Under these circumstances the acts of the accused constituted the violation of the intoxicating liquor law in the presence of the officers and justified the arrest of the accused without a warrant. Farmer v. State, 86 Okla. Cr. 308, 192 P. 2d 716; Griffin v. State, 90 Okla. Cr. 90, 210 P. 2d 671. However, in this connection we call the county attorney's attention to the fact that the affidavit which was used by the officers in securing the search warrant was of doubtful sufficiency because of a failure to allege sufficient evidentiary facts that would justify the magistrate in finding that there was probable cause for the issuance of a warrant. Any future affidavits should be more positive in their terms.

The case is reversed and remanded with instructions to the county attorney to file an amended information against the accused.

BRETT and POWELL, JJ., concur.