## LEACH v. STATE.

No. A-11331. April 18, 1951.

(230 P. 2d 492.)

John Griswold and Hugh M. Sandlin, Holdenville, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J.  Roy Leach was charged by information filed in the county court of Hughes county with the crime of transporting intoxicating liquor, was tried before a jury, convicted and punishment fixed at 30 days imprisonment in the county jail, and to pay a fine of $100. Appeal has been duly perfected to this court.

At the completion of the testimony on behalf of the State the record discloses that counsel for the defendant interposed a demurrer on behalf of the defendant, which was by the court overruled, an exception was saved, and thereupon counsel for defendant announced that the defendant rested. It was of course incumbent upon the State to introduce evidence sufficient, direct or circumstantial, to support the charge of transportation of intoxicating liquor.

The vital inquiry raised by the petition in error is the question of the sufficiency of the evidence to sustain the charge. In the information it is set out that defendant did transport certain intoxicating liquor "from a point to your informant unknown to a point in the 500 block, North Kelker Street, in the City of Holdenville, said County and State."

We have carefully read the record to determine whether or not the state introduced any evidence to prove the conveyance alleged. The distance would have been immaterial. Any distance would have been sufficient. Shirley v. State, 31 Okla. Cr. 174, 237 P. 627; Trent v. State, 93 Okla. Cr. 112, 225 P. 2d 191. Such proof was essential regardless of the fact that liquor was actually found in defendant's car under the fact situation to be detailed. Brown v. State, 18 Okla. Cr. 509, 196 P. 967; Lee v. State, 62 Okla. Cr. 204, 70 P. 2d 1111; Wicker v. State, 47 Okla. Cr. 358, 288 P. 398; Leer v. State, 83 Okla. Cr. 291, 176 P. 2d 512; Kirk v. State, 92 Okla. Cr. 360, 223 P. 2d 558.

The record disclosed that James D. Owen, chief of police of Holdenville was at a residence located at 519 North Kelker street, Holdenville, at about 6:00 p.m., on February 9, 1949, making a search for whisky, and that while he was there the defendant, Roy Leach, came in the house and was thereupon arrested by the officer. The record fails to show upon what charge, and fails to disclose the name of the occupant or occupants of the home being raided, or whether any liquor was found. Apparently there were no other officers present except the chief of police so far as disclosed by the record. The testimony does show that Officer Owen required the defendant to leave the premises with him with destination announced as the city police station.

It further appears from the record that defendant's automobile was parked in front of the residence at 519 North Kelker and that the officer required the defendant to drive this car, with the officer as a passenger, to the Holdenville police station. The officer was asked: "Did you see Roy Leach drive up to the house?" He answered: "No, I did not." Several other officers testified, but no person testified to seeing defendant drive the car in question to the point charged in the information. There was no evidence as to how the car got to the point charged or how long it had been there prior to defendant's arrest.

The evidence developed that after defendant was taken to the police station he was asked if he had any whisky in his car, and accused denied having any,

and the sheriff requested the keys to his car to make a search and defendant gave the keys to a deputy and the car in question was searched. No whisky was found in the trunk of the car, but six pints were found rolled in a blanket on the back seat of the car and one pint was found under the front seat. There was evidence that defendant exclaimed, on being told about the whisky: "Before God, I didn't know that was there", but later on he admitted that the whisky belonged to him and that he had forgotten about it being there. Defendant never was asked and never admitted to the officers that he drove the car in question to the point on North Kelker street. It was just as reasonable to assume that the whisky was placed in the car at the address on North Kelker as to assume that it was in the car when driven there. But there was no evidence introduced to justify the assumption that defendant drove the car to North Kelker. See Kirk v. State, supra.

The evidence was sufficient to have supported a charge of possession, but there is absolutely no evidence to support the charge of transporting the liquor from a point unknown to a point in the 500 block, North Kelker street, in the city of Holdenville, as charged in the information.

In Leer v. State, supra, this court said:

"The statute, 37 O. S. 1941 § 1 et seq., which prohibits conveying intoxicating liquor from one point or place in the State to another is probably the most drastic statute in the enforcement law. It is not incumbent upon the State to prove 'intent' to violate the law when so charged, and the simple act of transporting from one point to another constitutes a technical violation of the statute. This applies to one point in a city or town·to another point therein, or from one point on the public highway to another point thereon. With this rigid law the statute should be strictly construed to the end that innocent persons may not suffer by its application, and the state should be required to prove the material allegations of the information."

In the above case there is cited with approval the case of Brown v. State, supra, where we held:

"Where an information for conveying intoxicating liquor from one place within the state to another place therein alleges a removal from one particular place to another particular place, it is essential to sustain a conviction that the state prove the conveyance as alleged.

"Where the state relies in part for a conviction on a purported extra-judicial confession of defendant, there must be other proof of the corpus delicti, either direct or circumstantial, before a conviction can be sustained. * * *

"This court is powerless to affirm a conviction for one offense, where the proof establishes another and separate offense, not included within the charge."

In the case of Brown v. State, 81 Okla. Cr. 303, 164 P. 2d 249, 166 P. 2d 1021, this court said:

"While it is well settled that this court will not reverse a conviction for insufficiency of the evidence, if there is any substantial evidence. although circumstantial, from which a reasonable and logical inference of guilt arises, the converse is also well settled, that it is not only the province but the duty of the court to set aside such a verdict when it is contrary to law and the evidence, or where there is no evidence to support it, or there is a failure to prove some essential matter to establish the offense charged."

In Kirk v. State, supra, we held:

"Where an information charges accused with the offense of transporting intoxicating liquor, it is essential to sustain conviction that the state prove either by direct or circumstantial evidence the transporation of such liquor.

The fact that whiskey was found in parked automobile without any other evidence to show a transportation was insufficient to sustain conviction for transportation of intoxicating liquor."

The judgment is reversed, and the case remanded to the trial court for further proceedings not inconsistent with this opinion.

BRETT, P. J., and JONES, J., concur.

