**UNITED STATES v. BRAGGS et al.**

No. 4202.

United States Court of Appeals
Tenth Circuit.

May 9, 1951.

Rehearing Denied May 23, 1951.

Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., for United States.

Sid White, Oklahoma City, Okl., for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

This is a proceeding instituted by the United States for the forfeiture of an automobile on the ground it had been used to remove and conceal unlawfully nontax-paid whiskey. Gertie Braggs filed an intervening petition in which she set up that she was the owner of the automobile and prayed that it be surrendered to her.

The evidence of two police officers adduced at the hearing established the following facts: On February 17, 1950, about 4:30 a.m., the officers were cruising northerly on Grand Boulevard in Oklahoma City, Oklahoma, in a police car. When they came to the southeast corner of Lincoln Park they observed the automobile proceeding out of the park in an easterly direction. Its lights were off and they suspected it was a stolen car. They drove alongside the automobile and signaled with their police siren for the driver to stop. Instead of stopping, the driver of the automobile fled. The police officers pursued him. During the pursuit the automobile at times reached speeds in excess of 80 miles per hour. After the pursuit had continued for about six miles, a tire on the automobile blew out and it ran into an embankment. When the police officers came up they saw Clifford Braggs in the automobile, and as they approached the automobile they detected a strong odor of whiskey. They ordered Braggs out of the automobile and placed him under arrest. Immediately thereafter, they searched the automobile and found therein a number of half-gallon jars containing nontax-paid whiskey and some broken jars. Charges of exceeding the lawful speed limit, vagrancy, and unlawful possession of whiskey were filed against Braggs in the city court. He was convicted and a fine was assessed on each charge.

The officers did not report Braggs' possession and transportation of nontax-paid whiskey to the Federal Alcohol Tax Unit and they had no instructions so to report such violations.

Whether the city park was within or without the territorial limits of Oklahoma City was not clearly established. There was proof, however, that the park belonged to the city and that city police officers provided police protection for the park. The trial judge found that there was a tacit agreement or understanding between the county and city officers and the Federal Alcohol Tax Unit that where there was an unlawful search and seizure by county or city officers, the case would be turned over to the Alcohol Tax Unit for prosecution. There was no evidence whatever to support that finding. The court stated that he took judicial notice of such facts.

The court found further that the search of the automobile was unreasonable and unlawful and denied forfeiture. The United States has appealed.

When Braggs proceeded out of the park onto the highway, with the lights on the Lincoln automobile turned off, he violated 47 Okl.St.Ann. § 131. When he proceeded at a speed in excess of 55 miles an hour he violated 47 Okl.St.Ann. § 121.3(a) and (c). The transportation of the whiskey by Braggs from the park to a point on the highway constituted a violation of 37 Okl. St.Ann. § 1.[1]

11 Okl.St.Ann. § 574 provides that a chief of police shall at all times have power to make an arrest without process in all cases where an offense against the laws of the state or of the city shall be committed, or attempted to be committed, in his presence. 11 Okl.St.Ann. § 575 provides that policemen of a city shall have the same power to arrest offenders against the laws of the state or of the city, where the offense is committed, or attempted to be committed, in their presence. In Oklahoma a police-

1. See Coe v. State, 86 Okl.Cr. 297, 192 P. 2d 291, 293; Trent v. State, Okl.Cr. App., 225 P.2d 191, 192; Thomas v. State, 27 Okl.Cr. 264, 226 P. 600.

man is a state, rather than a city officer.[2] It follows that the policemen had the right to arrest Clifford Braggs without a warrant.[3]

 When the police officers approached the automobile they detected the odor of whiskey. Immediately after they had arrested Braggs, they searched the car as an incident to that arrest and found therein the nontax-paid whiskey. The officers were clearly authorized under the statutes of Oklahoma to make the arrest without a warrant, because at least two public offenses against the laws of the state were committed in their presence. The right to search a person lawfully arrested while committing a crime, and to search the place where the arrest is made is well established.[4] The fact that the whiskey seized was not related to the offenses for which Braggs was arrested was not material. The transportation of the whiskey was unlawful and it was subject to seizure.[5] We conclude, therefore, that the search was not unreasonable.

The finding by the trial judge that there was a tacit agreement and understanding between the county and city officers and the Federal Alcohol Tax Unit that where there was an unlawful search and seizure by county or city officers the case would be turned over to the Alcohol Tax Unit for prosecution was utterly without evidentiary support. The court undertook to support it upon the theory of judicial notice. The court stated that the existence of such arrangement was not susceptible of proof. Certainly, then, it was not a matter of common and general knowledge of which the court could take judicial notice.[6]

The search and seizure were made by city officers acting independently of Federal officers. They were not made in the presence of, nor with the participation of Federal officers. There was no proof that there was an understanding or arrangement between city and Federal officers that evidence obtained by search and seizure should be turned over to Federal officers, or that the search and seizure were made for the purpose of enforcing a Federal law and not a state law. It follows that the evidence would have been admissible, even though the search and seizure were unlawful.[7]

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

2. City of Lawton v. Harkins, 34 Okl. 545, 126 P. 727, 729, 42 L.R.A.,N.S., 69.

3. City of Lawton v. Harkins, supra, 126 P. at page 729; Hutson v. State, 53 Okl. Cr. 451, 13 P.2d 216; People v. Averill, 124 Misc. 383, 208 N.Y.S. 774; King v. State, 73 Okl.Cr. 404, 121 P.2d 1017.

4. United States v. Rabinowitz, 339 U.S. 56, 61, 70 S.Ct. 430, 94 L.Ed. 653; Harris v. United States, 331 U.S. 145, 151, 67 S.Ct. 1098, 91 L.Ed. 1399; Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145.

5. Harris v. United States, 331 U.S. 145, 154, 67 S.Ct. 1098, 91 L.Ed. 1399.

6. Sproul v. Springman, 316 Ill. 271, 147 N.E. 131, 135; Brown v. Piper, 91 U.S. 37, 42–43, 23 L.Ed. 200.

7. United States v. Butler, 10 Cir., 156 F.2d 897, 898; Ruhl v. United States, 10 Cir., 148 F.2d 173, 174; Gilbert v. United States, 10 Cir., 163 F.2d 325, 327.