POLICE OFFICERS — CARRYING HAND GUNS A police officer commissioned by a municipality is exempt from statutes prohibiting the carrying of firearms when he is acting within the scope or course of his official duties or when acting in the line of or performance of duty. Further, a police officer commissioned by a municipality is exempt from statutes prohibiting the carrying of firearms when en route to or returning from the place of his performance, or when he is outside thereof exercising some official duty authorized by law. The Attorney General has received your request for an opinion wherein you, in effect, ask the following questions: 1. May a police officer commissioned by a municipality, lawfully carry a concealed or non-concealed handgun while off duty ? 2. May a police officer commissioned by a municipality, lawfully carry a concealed or non-concealed handgun outside of the city limits of the municipality from which he has his commission ? In response to your first question, we refer you to the statutes governing the carrying of firearms which are found in 21 O.S. 1272 [21-1272] through 21 O.S. 1289.17 [21-1289.17] (1971). Section 21 O.S. 1289.8 [21-1289.8] specifically exempts law enforcement officers from statutory prohibitions concerning the carrying of firearms and, in relevant part, provides: "It shall be unlawful for any person, except a law enforcement officer, . . . to carry a concealed weapon other than permitted by this act." It is apparent from a reading of the above statutory exemption that the Legislature intended to exempt law enforcement officers from prohibitions regarding the carrying of weapons. Therefore, your question necessitates a determination of whether the term "law enforcement officer" includes an officer who is "off duty" or not in the performance of his official duties. In the case of Frazier v. State, Okl.Cr., 267 P.2d 155 (1953), it was stated in the syllabus: "In an effort to arrive at the legislative intent courts should employ ordinary meaning of the words contained in the statute, with regard to the connection in which they are used, and of the evil to be remedied." In the case of Miller v. State, Okl.Cr., 281 P.2d 441 (1955), the Court held in the syllabus: "It is the duty of the courts in construing a statute to ascertain legislative intent. If the language be clear, it is conclusive. When the language of an act is dubious, the court in construing it will consider the intent of the law." The premise upon which law enforcement officers are excepted from statutory prohibitions concerning the carrying of weapons is common knowledge. They, in the discharge of their duties, are continually required to make arrests and suppress crime and, in the performance thereof, the law enforcement officer must be armed in such a way that he may effectuate the full discharge of his duty. This statutory purpose would not however extend to an officer not acting in such capacity. The policy of the governing body, expressed in the charter or ordinance and the particular terms and conditions of such officer's employment, would be determinative of the question of whether an officer is "off duty". As to your second question we refer you to 21 O.S. 99 [21-99] (1971), which defines peace officer: "The term ' peace officer ' signifies any sheriff, constable, or policeman, and any other officer whose duty it is to enforce and preserve the public peace." This statute sets out the general duty of all peace officers. In the case of United States v. Braggs, 189 F.2d 367 (10th Cir., 1951), it was stated: "In Oklahoma a policeman is a state, rather than a city officer." The laws of the State of Oklahoma specifically recognize instances where a police officer may, out of necessity, need act outside the territorial limits of his jurisdiction. For example, 22 O.S. 207 [22-207] (1971) authorizes pursuit and arrest of an escapee by the officer from whose custody the person escaped at any time and at any place in the State of Oklahoma. Title 22 O S. 225 (1971) authorizes a peace officer, in fresh pursuit, to lawfully arrest a perpetrator of a felony outside the boundaries of his jurisdiction. Thus, a policeman will not always be acting within the territorial limits of his jurisdiction. He will be, at times, outside thereof in the exercise of some official duty authorized by law or en route to or returning from the place of his performance. In such instances, under the reasoning of our response to your first question, he is entitled to carry a concealed or non-concealed handgun. It is, therefore, the opinion of the Attorney General that a police officer commissioned by a municipality is exempt from statutes prohibiting the carrying of firearms when he is acting within the scope or course of his official duties or when acting in the line of or performance of duty. Further, it is the opinion of the Attorney General that a police officer commissioned by a municipality is exempt from statutes prohibiting the carrying of firearms when en route to or returning from the place of his performance, or when he is outside thereof exercising some official duty authorized by law. (Michael Jackson) ** SEE: OPINION NO. 77-180 (1977) **