## C. C. VASSAR v. STATE.

No. A-5879.   Opinion Filed March 5, 1927.
(253 Pac. 517.)

Jas. A. Embry, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J.   The information in this case charged that C. C. Vassar, Eli Vassar, Walter Bradberry, and Joe Johnson did unlawfully transport one gallon of corn whisky from a point unknown to the town of Tryon. When the case was called for trial, the defendant Bradberry failed to appear and order was entered forfeiting his bond. On the alleged insanity of the defendant Joe Johnson, a severance was granted. On the trial of C. C. Vassar and Eli Vassar, the jury returned a a verdict finding Eli Vassar not guilty and returned a verdict finding appellant, C. C. Vassar, guilty as charged, and fixing the penalty at a fine of $50 and con-

finement in the county jail for 30 days. To reverse the judgment entered on the verdict, he appeals.

The principal assignment is that the verdict is contrary to and not sustained by sufficient evidence. The evidence for the state shows that the town marshal arrested the defendants in front of Lewis' store in the town of Tryon. Eli Vassar and Joe Johnson and Walter Bradberry were in a Ford car, which belonged to the defendant Joe Johnson. Appellant, C. C. Vassar, was standing near the car. There was a gallon jug in the car containing whisky. When the officer reached for it the defendant Bradberry threw it out. The foregoing is, in substance, the testimony of nine witnesses for the state.

For the defense, Eli Vassar testified that he had been a farmer in that community for 34 years; that he was never before arrested; that he came to Tryon that day, and the defendant Bradberry beckoned to him to come to his barn; that Bradberry had about a quart of whisky there, and, with others, he drank it; that he did not have any whisky with him that day, nor did his son, C. C. Vassar.

As a witness in his own behalf, C. C. Vassar testified that he had lived on a farm near his father; that with his father he drove his car to Tryon that day; that, when he drove up to the garage, Bradberry called to him to come over to his barn; that, with those present, he participated in drinking about a quart of whisky, and it made him drunk; that he was arrested and paid a fine of $25 and the costs for being drunk; that he had never before been arrested; that he did not have any whisky and did not buy or transport any whisky.

On the undisputed facts in this case, we are of the opinion that the evidence wholly fails to show a convey-

ance or transportation by appellant of the whisky in question.

The judgment is therefore reversed.

EDWARDS and DAVENPORT, JJ., concur.