## DOUG McAFEE v. STATE.

No. A-9657. Aug. 7, 1940.
(104 P. 2d 979.)

Emmons Arrington, of Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, P. J. The information in this case charged that in Pottawatomie county, on the 20th day of November, 1937, Doug McAfee and Harry Bell did unlawfully transport four pints of whisky from a place unknown in said county to the 500 block, N. Philadelphia street, in the city of Shawnee.

Upon the trial the jury returned two verdicts, one finding the defendant Harry Bell not guilty, the other finding the defendant Doug McAfee guilty and fixing his punishment at confinement in the county jail for 30 days and a fine of $100, "and recommended the 30 days be suspended."

Judgment was rendered on the verdict February 14, 1939. The appeal was lodged in this court May 23, 1939.

The only assignment of error urged is that the verdict of the jury is contrary to the law and the evidence.

The state to sustain the charge called two witnesses. George Southgate, deputy sheriff, testified that on the date alleged he was driving his car, in company with Frank Bryant, on North Union street, city of Shawnee, and met a green Chevrolet coupe, driven by the defendant McAfee; that defendant Bell was in the car with him. They had a search warrant for this green coupe, so they turned around and took after the coupe. He noticed a package with whisky in it lying on the side of the street; stopped his car. Mr. Bryant jumped out, and he drove on, overtook the green coupe and arrested the defendants, then took them back to where he left Mr. Bryant.

Frank Bryant, deputy sheriff, testified that he was with Officer Southgate, going north on Union street, when

they met the defendants, and, having a search warrant for the defendant's car, they turned around and followed the car; after going a few blocks, something was thrown from the car. Southgate stopped, he jumped out, and picked it up. It was three pints of taxpaid whisky wrapped up, and a pint that had been broken; that he could not say which one of the defendants threw it from their car.

The state rested; the defendants interposed a general demurrer to the evidence, which was overruled.

Harry Bell, as a witness in his own behalf, testified that on the day of his arrest he had been at Buz McGee's pigstand on North Kickapoo, Doug McAfee was with him; about 4 o'clock in the afternoon they started home in McAfee's car and were arrested on Highland street by Officer Southgate. He put us in his car and drove around on Union street and picked up Frank Bryant, who had three bottles; that he could not swear what it was that was in them; that he did not throw anything out of the car; that he was a married man with a wife and two children, 15 and 10, going to school. Had never been convicted of any offense.

Doug McAfee testified that he was driving his own car and Harry Bell was with him; that between 4 and 5 o'clock they left the pigstand to drive home, and were arrested by Officers Southgate and Bryant and taken to the county jail; that they searched his car and their person, but did not find any whisky. He then drove back with them in his car, and they met Frank Bryant, who had two or three bottles of whisky in his hand; that he never saw those bottles of whisky before; that there was nothing thrown from his car while the officers were following them; that he had been convicted for the unlawful possession of whisky in 1937, and had not violated the liquor law since that time.

The state's case was made by direct and circumstantial evidence. As a witness in his own behalf, the appellant denied transporting the whisky. Obviously, the jury were satisfied of his guilt, notwithstanding his testmony to the contrary.

It is the exclusive province of the jury to pass upon the credibility of witnesses, and the weight of their testimony, and when, as in this case, there is substantial evidence to support their finding, this court will not interfere.

The judgment of the lower court is accordingly affirmed.

JONES, J., concurs. BAREFOOT, J., absent.