## FLOY EDISON et al. v. STATE.

No. A-10230.   Oct. 13, 1943.

(142 P. 2d 141.)

Bascom Coker, of Idabel, for plaintiffs in error.

Randell S. Cobb, Atty. Gen., and L. E. Mifflin, Co. Atty. of Idabel, for defendant in error.

BAREFOOT, J. Defendants, Floy Edison and Curtis Sargent, were charged jointly in the county court of Mc-Curtain county, with the crime of unlawful possession of intoxicating liquor, were tried and convicted; the defendant Floy Edison was sentenced to pay a fine of $250 and serve 90 days in the county jail, and the defendant Curtis Sargent was sentenced to pay a fine of $50, and serve a term of 30 days in the county jail. Both defendants have appealed to this court from such judgments and sentences.

All of the assignments of error may be considered together.

A search warrant was obtained by the sheriff of Mc-Curtain county for the purpose of searching the following described premises:

"Filling station, residence and outbuildings used in connection with said filling station and dwelling situated upon lots 9, 10, 11, and 12, of block 6, Herndon Addition to the city of Idabel." It was stated that the above premises were in the possession of the defendants Floy Edison and Curtis Sargent.

Motions were made by each of the defendants to suppress the evidence obtained by reason of the search. These motions were overruled by the court, and from an examination of the record, we find that the court did not err in overruling the same.

In the brief filed by counsel for defendant, it is contended that the evidence was insufficient to sustain the judgment and sentence against the defendant Floy Edison, for the reason that it does not show that he was in pos-

session of, or that he had control of the liquor found by reason of the search.

The evidence against the defendant Floy Edison was weak, but there were circumstances from which the jury could have come to the conclusion that he was interested in and had possession of the liquor found. He did not take the witness stand, and he had a right not to do so, but when he did not, he can not claim that the jury should not consider the circumstances against him.

The sheriff of McCurtain county, Joe Hough, testified that he procured a search warrant on September 20, 1941, to go to the place of Floy Edison and Curtis Sargent, on the south edge of town. He gave a minute description of the premises, and testified that he and one of his deputies, and the chief of police searched the same. There was a residence on the premises, and a filling station in which was kept oil and a small stock of groceries. A door opened from the filling station into two rooms that were occupied as living quarters by the defendant Curtis Sargent. There was a bed in one of these rooms. In a secret panel in the door facing between the two rooms, the officers found ten and a half pints of tax-paid whisky, and two pints of gin. The defendant Floy Edison lived in the residence. One of the officers testified that there was a sign above the door of the filling station which read: "Edison's Service Station and Grocery." The witness who testified as to this sign was asked on cross-examination:

"Q. But, Sam, Curtis Sargent was running the filling station and living in that part of the house, wasn't he? A. He was working there."

There were other circumstances which the jury had the right to consider, and we cannot say that the jury was not justified in finding that the defendant Edison was in-

terested in the operation of the filling station and grocery store where the liquor was found. The jury evidently came to the conclusion from all the facts and circumstances that the liquor hidden in the door facing of the living quarters of the defendant Curtis Sargent was there for the purpose of sale in the filling station.

It is the contention of the defendant Floy Edison that because the liquor was found in that part of the building in which the defendant Curtis Sargent was living, and that no liquor was found in his residence, which was situated on the same premises but not connected with the filling station, the evidence was insufficient to support the judgment and sentence against the defendant Floy Edison. As above stated, the evidence against this defendant is weak, and is principally circumstantial, but we have often held that a conviction may be sustained on circumstantial evidence alone. The court instructed the jury upon the question of circumstantial evidence, as requested by the defendant.

The record does not reveal that either of these defendants has heretofore been convicted. From an examination of the record we think that justice demands that the punishment assessed against the defendant Floy Edison should be reduced from a fine of $250 and 90 days in jail to a fine of $50 and 30 days in jail, the same as the jury assessed against his codefendant, Curtis Sargent.

As so modified, the judgment and sentence of the county court of McCurtain county is affirmed.

JONES, P. J., concurs.  DOYLE, J., dissents.