## EMIL WIRTH v. STATE.

No. A-10611.    Oct. 23, 1946.

(173 P. 2d 747.)

Dan Mitchell, of Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Harry McKeever, Co. Atty., Garfield County, of Enid, for defendant in error.

BAREFOOT, J.  Emil Wirth was convicted in the county court of Garfield county of the crime of driving a motor vehicle upon the public highways of that county while under the influence of intoxicating liquor, and sentenced to pay a fine of $200 and serve six months in the county jail, and has appealed.

The charging part of the information is:

"* * * that on or about the 17 day of August, 1944, in the said county of Garfield and state of Oklahoma, one Emil Wirth did then and there unlawfully, wilfully and wrongfully drive and operate a certain motor vehicle, to-wit: a 1936 Studebaker sedan, 1944 Oklahoma license No. 8-7089, over and upon a public highway in the county of Garfield, state of Oklahoma, to-wit: in front of Mike's Place, North Enid, Oklahoma, on U. S. Highway No. 81, while he, the said Emil Wirth, was under the influence of intoxicating liquor."

The state introduced two witnesses. The defendant did not take the stand, and put on no testimony, although there were two parties in the car with him at the time he was arrested.

Bill Large, a sergeant in the State Highway Patrol, testified that shortly before 9 p. m. on the date in question and north of Enid, in Garfield county, he observed a car driving north on the highway, on the wrong side of the road; that he observed the car for about one mile, during which time one car was stopped and at least two others were forced completely off on the shoulder. That these cars were all going south on the highway. That the car was weaving back and forth, and finally stopped in front of Mike's Beer Parlor, on Highway 81. That witness was unable to stop the car sooner, on account of the on-coming traffic. That he and his fellow-patrolman went up to the car, and found that defendant was driving. That defendant had all the characteristics of a person known to be under the influence of intoxicating liquor. Witness asked him to get out of the car. He could not walk straight, his speech was thick and incoherent, his face flushed and his eyes watery. That he denied that he had been drinking, but admitted he had drunk " a few beers."

Wallace Strange, the other highway patrolman, corroborated the testimony of Sergeant Large.

Counsel for defendant has filed a brief in his behalf, in which he admits that the evidence in this case is sufficient to justify the jury's returning a verdict of guilty; and his only contention is that, since there were no aggravating circumstances connected with the case, no wreck or any other condition or circumstance which would in any way call for the punishment fixed by the jury, that the same is excessive, and clearly the result of bias and prejudice on the part of the jurors. He calls attention to the fact that defendant is a Bohemian farmer, about 55 years of age. He cites no authorities in support of his contention.

This case was tried before a jury, which found defendant guilty and fixed his punishment. This court has often held that a verdict of the jury will not be set aside when supported by substantial evidence, but only where the evidence is insufficient to sustain the judgment and sentence. Wehr v. State, 79 Okla. Cr. 426, 155 P. 2d 731; Hood v. State, 80 Okla. Cr. 175, 157 P. 2d 918; Wirth v. State, 79 Okla. Cr. 59, 151 P. 2d 819.

The case of Wirth v. State, supra, is a case in which this same defendant, Emil Wirth, was convicted in the county court of Garfield county on a charge of driving a motor vehicle upon the public highways of Garfield county, while under the influence of intoxicating liquor, and the case was affirmed by this court. The conviction in that case was for an offense committed on December 6, 1941. There was evidence in the case of defendant having been previously convicted in the municipal court of Enid on offenses similar to the one there and here presented.

Under this statement of facts, we do not deem it proper to modify the judgment and sentence assessed in the instant case. It is a severe punishment, but the defendant could have been charged as a second offender, and under the statute would have been guilty of a felony, and his punishment could have been assessed at a term in the penitentiary. 47 O. S. 1941 § 93.

It is true that no injury or damage resulted, but this was not due to any act on the part of defendant. If others had not yielded the right of way, damage or injury to the person could easily have been sustained. No doubt the penalty assessed by the jury in this case will bring defendant to his senses and hereafter he will refrain from driving a

motor vehicle while under the influence of intoxicating liquor.

The record reveals that defendant had a fair and impartial trial. The instructions of the court were in accordance with the laws, and no objection was made thereto.

Finding no error, the judgment and sentence of the county court of Garfield county is affirmed.

JONES, P. J., concurs. DOYLE, J., not participating.