## MARK LEER v. STATE.

No. A-10627.   Jan. 15, 1947.

(176 P. 2d 512.)

Tolbert, Gillespie & Cunningham, of Hobart, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Jesse L. Pullen, Asst. Atty. Gen., and Raymond T. Plumlee, County Atty. of Washita County, of Cordell, for defendant in error.

BAREFOOT, P. J. Defendant, Mark Leer, was charged in the county court of Washita county with the offense of unlawfully conveying intoxicating liquor, to wit: One pint of whisky. He was tried, convicted, and sentenced to pay a fine of $100, and to serve 30 days in the county jail, and has appealed.

The charging part of the information is as follows:

"That on said day and date, in the county and state aforesaid, the said Mark Leer did, unlawfully wilfully and wrongfully, transport certain intoxicating liquor, to-wit: one pint of whisky, from some point within the state of Oklahoma unknown to informant to a point on Oklahoma State Highway Number 55 about one and one-half miles west of the town of Rocky, Oklahoma, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the State."

The following facts are revealed by the record: On September 29, 1943, R. E. Skelly and his son Hervey were at their farm home about one and three-quarter miles west of the town of Rocky, in Washita county. Their home was upon Highway No. 55, which runs east and west. On the date stated, they heard a noise on the highway and saw a cloud of dust about a quarter of a mile east of their home. They immediately went to the scene, and found an automobile in the ditch, and the defendant seated in the car. Defendant appeared to be injured, and R. E. Skelley proceeded to a nearby residence to telephone for a doctor. He returned to the scene, and he and his son got the defendant out of the wrecked car, found that he was not seriously hurt, and took him to town.

The witness R. E. Skelley testified that he at no time saw any intoxicating liquor, either in the car or upon the defendant. The son, Hervey Skelley, testified that after his father went to telephone for the doctor, he opened the

door of defendant's automobile, and a pint bottle which he supposed contained whisky was on the floor of the car near the door, and he thought it was going to fall out on the ground. He picked the bottle up and put it in the weeds near the automobile.

After taking the defendant to the doctor, Hervey Skel· ley telephoned the Highway Patrol to report the wreck. When the patrolman came, he showed him the whisky, and the patrolman took possession of it. It was later turned over to the sheriff of Washita county. The sheriff did not visit the scene of the wreck, but testified that the liquor, which was introduced in evidence, was turned over to him by the highway patrolman. The patrolman did not testify.

Both R. E. Skelley and Hervey Skelley testified that the automobile was standing still when they saw it, and they never at any time saw it in motion, or move from one point to another. Both testified that they could detect the odor of liquor on the breath of defendant.

The above constitutes all of the testimony of the state, and the defendant did not take the witness stand, and did not offer any evidence.

Defendant presents ten assignments of error, but argues them under three heads. First, that the verdict of the jury was not sustained by the evidence, and that the court erred in refusing to sustain a demurrer to the evidence. Second, that the court erred in admitting incompetent and irrelevant testimony. Third, that the closing argument of the county attorney was prejudicial to the rights of defendant, and constituted reversible error.

To support his first contention, defendant cites the following cases: Wicker v. State, 47 Okla. Cr. 358, 288 P. 398; Lee v. State, 62 Okla. Cr. 204, 70 P. 2d 1111; Vassar

v. State, 36 Okla. Cr. 223, 253 P. 517; Bogard v. State, 40 Okla. Cr. 12, 266 P. 517: Davis v. State, 38 Okla. Cr. 39, 259 P. 172; Brown v. State, 18 Okla. Cr. 509, 196 P. 967.

The state cites Yeargain v. State, 76 Okla. Cr. 50, 134 P. 2d 142, and McAfee v. State, 70 Okla. Cr. 116, 104 P. 2d 979.

The cases cited by defendant go a long way in supporting his contention. The cases cited by the state do not touch the issue here involved.

The case of Brown v. State, supra (18 Okla. Cr. 509, 196 P. 968), is not exactly in point, as the allegations in the information were somewhat different, but it is there stated:

"In this case the Attorney General has filed a written confession of error, admitting that the material allegation of the information that the liquor was conveyed 'from a point on the north line of said Logan county' is not sustained by the evidence, and for that reason that this judgment should be reversed. From what has heretofore been stated in this opinion, the conclusion is reached that the confession of error of the Attorney General is well founded, and that the judgment of conviction should be reversed. The defendant may be guilty of the offense charged, but a conviction based on surmise and suspicion of guilt should not be permitted to stand. Otherwise, the liberty of the innocent citizen would be jeopardized."

"It is to be regretted that the county attorney of Logan county did not elect to prosecute this defendant for unlawful possession of intoxicating liquor, instead of the unlawful conveyance in the manner charged, as the evidence clearly establishes his guilt of the former crime. But this court is powerless to affirm a conviction for one offense, where the proof establishes guilt of another and separate offense, not included within the charge."

And in Lee v. State, supra, the court said:

"The evidence of the state shows that a party living near Lone Wolf, in Kiowa county, drove into Hobart and advised the officers there was a car out on the road, with a man in the car; the officers drove out on the road and found the car by the side of the road with the defendant in the car; the officers say they stopped and asked the defendant what was the trouble and defendant replied he could not get his car started, and that the officer got out of his car and tried to start the car and could not, and Joe Walker, another officer, got out of the car he was in and tried to start the car, and in doing so he struck his foot against a sack in the car and discovered it was filled with fruit jars containing whisky. The officers arrested the defendant and put him in jail.

"Both the officers admit that from the time they first saw the car and defendant and took him into custody and brought him to town, the car which the defendant was in when they first saw him was not moved. There is not a word in the testimony showing that the defendant moved the car from where the officers first saw it until he was arrested. The charge in this case is transporting intoxicating liquor. The foregoing is in substance all of the state's evidence. Wicker v. State, 47 Okla. Cr. 358, 288 P. 398.

"The charge being transporting intoxicating liquor, and there being no evidence in the record to support the verdict, the same is reversed."

The statute, 37 O. S. 1941 § 1 et seq., which prohibits conveying intoxicating liquor from one point or place in the state to another is probably the most drastic statute in the enforcement law. It is not incumbent upon the state to prove "intent" to violate the law when so charged, and the simple act of transporting from one point to another constitutes a technical violation of the statute. This applies to one point in a city or town to another point therein, or from one point on the public highway to another point thereon. With this rigid law the statute should be strictly

construed to the end that innocent persons may not suffer by its application, and the state should be required to prove the material allegations of the information.

In the instant case, the amount of liquor found was very small. It was not on the person of defendant, but one witness testified that it was in the car. He was unable to identify the bottle introduced in evidence. There was some conflict as to whether the seal on the bottle had been broken. The patrolman who was supposed to have recovered the whisky did not see it in the automobile, and did not testify in the case. Of the two witnesses who released the defendant from the wreckage, one did not see the whisky at all, and neither of them saw the car move at any time.

Taking all of the evidence and circumstances into consideration, we are of the opinion that they were insufficient to sustain a conviction for the unlawful transportation of intoxicating liquor from a point in the state, unknown to the state, to another point therein.

It becomes unnecessary to discuss the other assignments of error argued by the defendant.

For the reasons hereinbefore set out, the judgment and sentence of the county court of Washita county is reversed, with directions that the defendant be discharged.

JONES and BRETT, JJ., concur.