## NICHOLS v. STATE.

No. A-11193.   April 26, 1950.

(218 P. 2d 407.)

H. R. Helmbrecht, Ponca City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J. Lucille Nichols, plaintiff in error, who will hereinafter be referred to as defendant, as in the lower court, was tried before a jury and convicted in the county court of Kay county, for the crime of transporting intoxicating liquor, and assessed punishment at a fine of $250 and 30 days imprisonment in the Kay county jail. The defendant has appealed to this court from the judgment and sentence entered in accordance with said verdict.

For reversal of the judgment defendant, in her proposition one, contends that the evidence was not sufficient to sustain the conviction, setting out under this heading two of her specifications of error advanced in petition in error: (1) that the trial court erred in overruling defendant's demurrer to the evidence; and (2) that the verdict and judgment are not supported by and are contrary to the law and the evidence. In short, it is urged that the state failed to prove that the defendant was driving the automobile in which the liquor in question was found. This requires a review of the evidence. The defendant did not testify, and offered no testimony in the trial of the case.

The evidence on the part of the state developed that on September 6, 1948, on Highland street, about one-fourth of a mile west of the city limits of Ponca City,

where said street intersects with a county road known as the Blackwell short-cut, a collision took place between two automobiles. State Highway Patrolman Ormus Soucek was at the Ponca City Police Department when the accident was reported and he and Policeman Hollis Alexander went immediately to the scene of the accident, arriving about 11:40 a. m., estimated by witnesses to be about five minutes after the accident. They found two wrecked cars, one a new Pontiac four-door sedan that was being driven by Mrs. Aileen Price at the time of the accident, and a 1941 Pontiac that the state alleges was being driven by the defendant, Lucille Nichols. Several persons were injured. Officer Soucek testified:

"Q. Did you see the defendant Lucille Nichols at that time and place? A. Yes, sir. Q. Tell the court and jury where you found her. A. Found her in a Pontiac. sedan which at that time was in a wrecked condition over on the north side of Highland avenue on the Blackwell short-cut, she was under the wheel, pinned there. Q. By the effects of the collision? A. Yes."

Witness further testified that the back cushion was out of the sedan occupied by Mrs. Nichols and that in the back seat he found a blanket and an assortment of bottled gin and whisky, in pint bottles, found some scattered on the highway, or 54 pints in all. Also, this officer estimated that about as many bottles had been broken, the inside of the sedan being moist with liquor, and broken whisky bottles littering the back seat and the ground near the car. The Nichols car had been hit in the left side by the Price car. Witness identified State's exhibits 1, 2 and 3 as being some of the bottles of whisky taken by him from the car defendant was found pinned in, and which he stated he had initialed, labeled, dated and had written defendant's name thereon at the scene and immediately following the accident. The record further develop-

ed that the occupants of the Price car observed a woman driving the Nichols car, and a young boy about six years of age was thrown from the Nichols car at the time of impact. The state's exhibits were labelled "whisky", and exhibit 1 was sealed with U. S. Internal Revenue stamp fixed thereon, seal No. 18A937523. The bottle was opened in the presence of the jury, and Patrolman Soucek smelled it and declared the contents to be whisky.

Policeman Alexander testified that the defendant was pinned in between the back of the front seat and the steering wheel when he arrived at the scene of the wreck, and testified further substantially as Officer Soucek.

Mrs. Aileen Price testified that on September 6, 1948, she was driving a new Pontiac four-door sedan from Blackwell to Ponca City; that her three children, her sister Mrs. Buskuhl and her little boy, and also a Miss Hammers were in the car with her, and that around 11:45 at Waverly and Highland a car suddenly drove in front of her and there was a collision between her car and this car. She further testified:

"Q. Do you know whether it was a man or woman driving that car? A. A woman, I saw the woman and little boy. Q. Do you see see her here today? A. She doesn't look anything like she did that day, but I don't either. Q. You mean with reference to how you and · she looked after the accident? A. Yes, I hit her, it was too quick, I just couldn't tell anything about what she looked like, only I know it was a woman driving."

Mrs. Buskuhl testified: ·

"A. No, I didn't see the other car, I was thrown into a shock and never noticed the other car at that time, I didn't pay any attention to it. Q. Did you see Mrs. Nichols at the time, the defendant? A. She rode in the ambulance with me to the hospital, she was in the front seat."

Miss Hammers testified that the driver of the Nichols car was a woman, and testified to seeing bottles, some broken and some not, and that there was an unusual smell, and she did not know whether it was gin or whisky.

Defendant cites as supporting her contention that the evidence was insufficient to support her conviction, the cases of Wicker v. State, 47 Okla. Cr. 358, 288 P. 398, and Leer v. State, 83 Okla. Cr. 291, 176 P. 2d 512, 514.

In the Wicker case, the defendant and one Regin were found asleep in a Chevrolet coupe parked at the side of a highway in Greer county. A pint bottle with some whisky in it was found on a back shelf above the seat. This court held such fact not sufficient to support the conviction of the defendant of transporting intoxicating liquor. There was no evidence that the defendant had driven the car any distance, or that the liquor was in the car when it was being driven, if ever driven by him, and no evidence of how long the car had been parked by the highway.

In the Leer case, a father and son heard a noise and about a quarter of a mile north of their home found one Leer seated in an automobile in a ditch. He was apparently injured and the elder witness hastened to report the accident. During the absence of the father, the son found a pint of whisky in the car and laid it in the grass by the highway. When the highway patrolman arrived the son gave him the whisky and the patrolman charged Leer with transporting intoxicating liquor, but did not testify at the trial, and the whisky was not identified. The conviction was reversed. Said the court:

"In the instant case, the amount of liquor found was very small. It was not on the person of defendant, but one witness testified that it was in the car. He was unable to identify the bottle introduced in evidence. There

was some conflict as to whether the seal on the bottle had been broken. The patrolman who was supposed to have recovered the whisky did not see it in the automobile, and did not testify in the case. Of the two witnesses who released the defendant from the wreckage, one did not see the whisky at all, and neither of them saw the car move at any time."

These two cases are readily distinguishable from the within case. Here the Nichols car was observed moving and it was being driven by a woman, no one else was in the car except a small six-year-old boy who was thrown out by the impact of the Price car. The only woman who had been in the Nichols car was found pinned in it by the steering wheel and seat, and this woman was found to be Mrs. Nichols. There were 54 pint bottles of whisky and gin not broken, and about as many broken bottles. The evidence that the defendant was the actual driver was circumstantial, it is true, but it is our opinion that the circumstantial evidence was substantial and was such that if believed it would preclude every reasonable hypothesis of innocence. See Edison v. State, 77 Okla. Cr. 401, 142 P. 2d 141; Wright v. State, 77 Okla. Cr. 393, 142 P. 2d 128; Edwards v. State, 87 Okla. Cr. 399, 198 P. 2d 656.

There was positive evidence that the car in which defendant was pinned was driven on to Highland street in front of the car being driven by Mrs. Price, and this court has held that where there is proof of any actual conveyance, the distance over which the intoxicating liquor was carried or moved is immaterial. Sleeper v. State, 71 Okla. Cr. 136, 109 P. 2d 520.

The record is clear that the State's exhibits 1, 2 and 3 were properly identified, handed to the court reporter and marked, the witness was questioned as to the smell and contents, though the county attorney apparently did not offer the bottles in evidence. Nevertheless, counsel for

the defendant proceeded to cross-examine the state's witness as to where the liquor was found in the defendant's car.

Counsel for defendant did not request the court to rule that the exhibits should either be introduced or withdrawn from the consideration of the jury. No objections or exceptions are shown in the record to the testimony of the officer relating to the three pints of whisky exhibited to the jury, and it is not pointed out where the defendant was prejudiced by the failure of the prosecution to make a formal offer of the properly identified exhibits in evidence. Counsel cites no authorities in support of his contention here advanced that the exhibits in question should not be considered as evidence in the case.

Should the question here raised have been presented during trial, the trial court no doubt would have promptly permitted the exhibits to have been formally introduced. Under the facts stated, it is our opinion that the contention urged is highly technical and without merit. In the case of Nowlin v. State, 65 Okla. Cr. 165, 83 P. 2d 601, paragraph five of the syllabus, this court said:

"Alleged errors occurring during the progress of a trial, and not properly raised and presented in the court below, will not be considered on appeal."

For the reasons stated, the within case is affirmed.

JONES, P. J., and BRETT, J., concur.