## GOWER v. STATE.

No. A-11335. May 23, 1951.

Rehearing Denied June 14, 1951.

(237 P. 2d 162.)

Walter Lee Gower, plaintiff in error, pro se.

Mac Q. Williamson, Atty. Gen., for defendant in error.

POWELL, J.   Walter Lee Gower was convicted in the district court of Tulsa county of second degree burglary, second offense, and sentenced to serve ten years in the State Penitentiary, and has appealed.

The plaintiff in error is now confined in the State .Penitentiary, serving his sentence, and this appeal is taken by him without the aid or advice of counsel. He filed what he terms a "supporting brief" on August 16, 1950, and under date of September 26, 1950, filed another brief.   The case was assigned for oral argument on October 11, 1950, and no appearance was made on behalf of the defendant.   The state has not filed a brief.

Because of the desire of this court to treat liberally any appeal by an inmate of one of our penal institutions who appears without counsel, we have very carefully read and considered defendant's briefs, and the record, which was prepared at the expense of Tulsa county.

Defendant was represented at his trial by able counsel, and the record before us is in good shape.   The state had six witnesses, and the defendant did not take the stand, or offer any evidence.

The preliminary information filed in the court of common pleas of Tulsa county charged the defendant with, in the nighttime, breaking and entering a certain 1935 black Ford coupe with 1949 Oklahoma license No. 2-32820, being parked on the Frisco overpass on Boulder street in the city of Tulsa, Oklahoma, and being then and there occupied by and in the possession of W. L. Burgin, etc.; and further charged that the defendant theretofore, on the 4th day of April, 1939, was convicted of second degree burglary, in case No. 9192, in the district court of Tulsa county, Oklahoma, and sentenced to serve a term of three years in the State Penitentiary at McAlester, etc.

The preliminary information is dated and was filed in the court of common pleas on May 6, 1949.   The transcript filed in the district court on May 19, 1949, by the judge of the court of common pleas, shows that on May 7, 1949, the defendant was present in court, the information was read, he was advised as to his rights, entered a plea of not guilty, his bond was fixed at $3,000, and

preliminary set for May 22, 1940. Under date of May 12, 1949, the record shows a minute reading: "State given permission to amend information; reporter Morrison; 7 witnesses sworn; state introduces evidence and rest. Defendants demurrer overruled; defendant held to district court for trial on bond of $3000. Comm. Iss." The records of the district court show that the information, charging defendant with "Second degree burglary, second and subsequent offense", was filed in the district court on May 20, 1949, and charged that defendant did "in the nighttime, break and enter into a certain 1930 Model A Ford Tudor sedan with 1949 Oklahoma license 2-1919, being parked on the Frisco Overpass on Boulder Avenue, in the City of Tulsa, Oklahoma, and being then and there occupied by and in the possession of W. L. Burgin, * * *." The charge with reference to the former conviction of defendant was the same as in the preliminary information.

When the case came on for trial, defendant was permitted to withdraw his plea of not guilty, for the purpose of filing a motion to dismiss the information on the ground that defendant had not had a preliminary hearing, and had not waived preliminary upon the charges set forth in the information, and that there was a fatal variance in the charge set forth in the information filed in the court of common pleas and that filed in the district court; and the order holding defendant for trial in the district court was at variance with the information filed in the district court. The motion was by the court overruled, exception allowed, and the defendant reentered his plea of not guilty. When the first witness was called, the defendant objected to the introduction of any evidence on the same grounds, and his objection was also overruled.

W. L. Burgin, an electrician, testified that he parked his 1930 Model A Fourdoor Ford sedan, Oklahoma tag No. 2-1919, on the viaduct on First and Boulder, Tulsa, about 7:30 on the night of April 29, 1949. That he had a mechanic's metal tool box between the front and back seats of the car, and the tool box contained a removable tray in which were certain tools and supplies. He returned to his car about 11 o'clock and found a note on the windshield reading: "Come to police station if you miss anything." That the tray with the tools and merchandise was gone from his tool box, and he recovered the tray and all contents at the police station the next morning. The glass in the doors of his car had previously all been broken, but the doors of the car were closed.

Arthur Fred Fisher, a draftsman for a construction company, with Louis A. Simms came out of the place of business of the Banknote Printing Company in the 100 block South Boulder about 10:30 on the night in question, and he testified that they saw a man getting out of a car. They watched the man several minutes, and he went from one car to another, would get in the cars, under the wheel, flash a light around in the car, and then go to another. He finally saw the man get in what he judged to be a 1930 Model A Ford, saw him flash the light around, and he and Mr. Simms then got in Mr. Simms' car and went to the police station and reported what they had seen. They drove back across the viaduct, and the defendant was sitting in the police car, on the viaduct. He positively identified the defendant. L. A. Simms corroborated Mr. Fisher in every way, stated that he saw the defendant enter three or four cars, and also identified him.

Donald Edwin Underhill, a police officer, testified that he and his partner Don Parrish went to investigate the matter after receiving the report from Mr. Fisher and Mr. Simms, and found the defendant sitting in a black 1935 Ford coupe. There was a red car jack, and two flashlights on the seat by defendant, and a metal tray from a tool box and containing automotive tools

and supplies on the banister of the viaduct, about eight feet away. He testified that there was a 1930 Model A Ford, four-door car parked about six car lengths from the one in which defendant was sitting, with license tag 2-1919. This witness testified that in his opinion the defendant was not drunk, but witness told defendant he thought he was on dope, and defendant answered: "I may be a thief, but I am not a dope-head." He made no other statement to the officers.

Joe Diamond, deputy court clerk, was placed on the stand to identify certain court records in connection with the prior conviction of this defendant. The judgment in case No. 9192 in the district court of Tulsa county was introduced, recited that the defendant had been found guilty of second degree burglary, and sentenced to serve three years in the State Reformatory at Granite. Defendant was 18 years of age at the time.

John Burnett, deputy sheriff, testified that he delivered the defendant to the State Reformatory at Granite, and identified a receipt for Walter Gower, dated April 25, 1930, which he had received from the warden of the reformatory.

For reversal, defendant charges, (1) that he did not have a preliminary examination upon the charge set forth in the information filed in the district court, because there was a fatal variance in the charges set forth in the preliminary information filed in the court of common pleas and the information filed in the district court; (2) that the court erred in admitting in evidence the tool box and tools for the reason that it was never shown that said exhibit had ever been in the possession of the defendant; (3) in admitting the judgment in cause No. 9192, because there was a fatal variance between the judgment and sentence read in the presence of the jury and the information upon which defendant was on trial; and (4) complains of instructions 1, 7 and 8 given by the court. These matters were all covered by the motion for new trial, filed and overruled.

As to defendant's first proposition, the transcript filed by the judge of the court of common pleas, the committing magistrate, discloses that the state was given permission to amend the information, and then the witnesses at the preliminary were sworn, and evidence introduced.

Tit. 22 O. S. 1941 § 304 provides:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

In Adair v. State, 15 Okla. Cr. 619, 180 P. 253, the second paragraph of the syllabus reads:

"Where upon an examining trial on a felony charge the evidence shows that any felony has been committed, and that the defendant is probably guilty thereof, it is the duty of the examining magistrate to hold the defendant for the offense shown by the evidence and to indorse upon the commitment the offense, but where such an indorsement is not made, if the transcript of such magistrate of the case filed in the district court shows such order of commitment, this is sufficient to give the district court jurisdiction."

While the preliminary information, as shown by the record, was not formally amended, the minute of the committing magistrate shows that permission was granted for the information to be amended prior to the time the witnesses were sworn and the introduction of any evidence by the state, and we will assume

188

that the proof of the state was under the amendment offered, charging the defendant with breaking and entering the 1930 Model A four door Ford sedan, instead of the 1935 Ford coupe.

Defendant next complains of the admission in evidence of the tool box and tools, for the reason that it was never shown that such exhibits had ever been in the possession of the defendant.

As hereinbefore set out, there were two witnesses who saw defendant enter the car from which the tool box was taken, and saw him flashing a light around in the car just before they left the scene to report the incident to the police, and a few minutes later both witnesses saw the defendant seated in the patrol car on the viaduct, the officers having discovered him in another car a few feet from where the tool box was found on the banister of the viaduct, and the witnesses positively identified defendant as the man they had seen entering the car from which the tool box was taken, and other cars in the immediate vicinity. This constituted a circumstance to be considered by the jury, and the admission of the tool box and tools in evidence was not reversible error. Rice v. State, 93 Okla. Cr. 86, 225 P. 2d 186; Hood v. State, 80 Okla. Cr. 175, 157 P. 2d 918.

Defendant next complains that there was a fatal variance between the judgment and sentence read in the presence of the jury, and the information upon which defendant was on trial.

The information charged that defendant had, on April 4, 1939, been convicted of second degree burglary in case No. 9192, in the district court of Tulsa county, Oklahoma, and sentenced to serve a term of three years in the State Penitentiary at McAlester. The judgment and sentence introduced, and the proof showed that the defendant was convicted of second degree burglary in case No. 9192, in said court, and sentenced to serve a term of three years in the State Reformatory at Granite.

A variance in a criminal case has been defined by this court as an essential difference between the information and the proof, and a variance is not material unless it is such as might mislead the defense, or expose the defendant to the injury of being put twice in jeopardy for the same offense. Woods v. State, 22 Okla. Cr. 365, 211 P. 519. Certainly this defendant was not misled or prejudiced by reason of the error in the information stating that the defendant had been sentenced to the State Penitentiary at McAlester, when as a matter of fact the proof showed that he had been sentenced to the State Reformatory at Granite. The conviction had been in case No. 9192, in the district court of Tulsa county, and a reference to the judgment entered therein would disclose the institution where the convicted was sentenced to serve. The point is, this defendant had been convicted of a felony, and sentenced to serve a term of three years therefor. The statement of a previous conviction does not charge an offense. It is only an averment of a fact that may affect the punishment, and the jury does not find the accused guilty of the previous offense; it only finds that he was previously convicted, if it is an historical fact. Where the defendant served his sentence for the prior conviction is not material. The court properly instructed the jury on this question.

As to the last proposition, the record shows that no exception was taken to instruction No. 1, and we find no fault with this instruction. The defendant did take an exception to instructions Nos. 7, 8 and 10, however.

Instruction No. 7 instructed the jury that if they found beyond a reasonable doubt that the defendant, prior to April 29, 1949, was convicted of a felony in

Tulsa county, Oklahoma, that it was immaterial whether he was sentenced by the court to serve a term of imprisonment in the State Penitentiary at McAlester, or in the State Reformatory, at Granite.

Instruction No. 8 has been approved by this court, and simply instructed the jury that the former conviction should only be considered in connection with the punishment to be assessed, if they found defendant guilty.

Instruction No. 10 was with reference to circumstantial evidence, and is very fair to the defendant, and approved by this court.

The judgment and sentence of the district court of Tulsa county is affirmed.

BRETT, P. J., and JONES, J., concur.