Walter Lee GOWER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-12262.

Criminal Court of Appeals of Oklahoma.

April 18, 1956.

Walter Lee Gower, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The plaintiff in error, Walter Lee Gower, was charged by information in the court of common pleas of Tulsa County with the crime of larceny of an automobile, after former conviction of a felony; was tried before a jury, convicted, and his punishment fixed at 25 years confinement in the state penitentiary at McAlester. Judgment was entered accordingly.

There is a serious question apparent on the face of the record as to whether or not the appeal was properly perfected so as to present it by casemade rather than transcript. However, the defendant acted as his own attorney on appeal, and we do not have the benefit of a brief from the Attorney General, so that we shall consider the entire record.

Defendant first complains that he was represented in the trial court by the public defender, who was later sent to the mental hospital at Vinita, and defendant contends that he was not properly represented at the trial. The record shows that defendant, prior to trial, was represented by an attorney who was allowed by the court to withdraw as attorney of record, and thereafter defendant was represented by another attorney, but there is nothing in the record to show that the second attorney was a public defender, or, whatever his status, that he did not diligently represent the defendant during the course of the trial to its completion.

It is further contended that the evidence was insufficient to support the verdict, and that the jury failed to follow the court's instructions; and, finally, that the penalty assessed was excessive.

Charles David Chronister, a sixteen-year old boy, testified that he was a resident of Tulsa; that he was the owner of a 1946 Mercury four-door automobile and had owned it five or six months; his application for 1955 license was received in evidence and showed the 1954 license, Okla. 52–3211; also received in evidence was the title of witness to the car. He testified that he drove to downtown Tulsa about 8 o'clock on January 27, 1955 and parked his car on First Street between Main and Boston. He returned for the car around 9 to 9:05 P.M. and found his car missing. He was unable to find it, and went to the police station and reported the theft. He said that he had never seen the defendant prior to the trial, and that he had not given anyone permission to move his car. He said the police telephoned him at 12:30 the same night and told him that his car was at the police garage at First and Denver, Tulsa, and he went immediately and got it.

The State produced evidence to show that the defendant was seen speeding in an automobile in the city of Tulsa by officer Lyndon W. Greaney, and that the officer attempted to stop defendant, who circled a tavern and attempted to get away, but was finally stopped. This was at approximately 9 P.M.,

January 27, 1955. He estimated the speed of defendant's car at 65 to 70 miles per hour. The car was a 1946 Mercury sedan, tan colored, tag No. 53–3211. After defendant's car was stopped he came to the back of the car. The officer asked defendant if the automobile belonged to him, and defendant asked the officer if he knew Pete Annex. The officer answered in the affirmative and the defendant then stated that the car was the property of Pete Annex, but then said the car belonged to his brother, and that he had borrowed it to drive to Bristow. Officer Greer appeared within a few minutes and then witness transported the defendant to the police station and the Tulsa Wrecker Service towed the car to the police garage. It was the opinion of witness that the defendant was not intoxicated. Witness did not detect the odor of alcohol about him. He filed a charge against the defendant of operating a motor vehicle without a driver's license, and a Mr. G. W. Strange signed a complaint charging the defendant with reckless driving.

It was stipulated between the parties that the records in the office of the district court clerk of Tulsa County would show that previously and on April 4, 1939 in case No. 9192 defendant was convicted of the crime of second degree burglary, and sentenced to serve a term of three years in the state penitentiary at Granite; and that on June 8, 1949 in case No. 13745 defendant was convicted of the crime of second degree burglary, second offense, in the same court, and was sentenced to serve ten years in the state penitentiary at McAlester.

This court will take judicial knowledge that the defendant unsuccessfully sought relief from this court from the penalty imposed in the second of the two cases mentioned. See Ex parte Gower, 92 Okl. Cr. 315, 223 P.2d 154; Gower v. State, 94 Okl.Cr. 184, 237 P.2d 162.

The defendant, Walter Lee Gower, testified and said that he did not remember whether he was driving a 1949 Mercury sedan on the 27th day of January, 1955 or not; that he was very drunk. He said that he could not say what his intentions were at the time with reference to taking the Mercury car that he was charged with stealing. He said that he remembered when the officers arrested him, but did not remember taking the car. He said: "That afternoon when we got through [work] I don't know where I went. I think to nigger town and first one place and another". He admitted that he had been previously convicted of various felonies and many misdemeanors in addition to the felonies shown by the State in making out its case. He was asked if he had any idea of how many times he had been convicted, and answered, "Lord, I don't know."

In rebuttal the State recalled officer Greaney, who testified that as a police officer he had had occasion to make arrests for drunkenness, and thought that he could determine when a man was drunk or sober, and in his opinion the defendant was not drunk at the time he stopped him for speeding and arrested him for not having a driver's license. He said defendant could walk straight, could talk plainly, and that he did not smell the odor of alcohol on him.

Officer Greer also testified that he observed defendant at the place of arrest at the time in question, and that in his opinion defendant was sober. He said that he talked to defendant, and heard him talk.

This closed the case. The instructions given by the court were not excepted to, and we find all of the instructions given to have been proper. As the evidence reveals, defendant's defense was intoxication to the point that his mental powers were overcome and that it was therefore impossible for him to form a criminal intent to steal the automobile. Such was a good defense, if believed by the jury. See Huffman v. State, 24 Okl.Cr. 292, 217 P. 1070; Walker v. State, 93 Okl.Cr. 251, 226 P.2d 998, 1001. In the latter case we said:

" 'On the trial of an information for grand larceny, the mental condition of the defendant, from the effects of intoxicants, is for the jury upon the question of felonious intent.' "

■ The court's instructions fully covered defendant's theory of defense. Instruction No. 6 reads:

"You are instructed that voluntary intoxication does not excuse or mitigate crime, and, therefore, if you should find from the evidence in this case that the defendant was intoxicated at the time of the commission of the crime, if any, you will give that fact no significance in determining your verdict in this case.

"You are further instructed you may consider defendant's voluntary intoxication, if any, only as to the question of whether he was so intoxicated that his mental powers were overcome and that it was therefore impossible for him to form a criminal intent. You are further instructed that the question of whether the defendant was so intoxicated as to render himself incapable of entertaining a specific intent to commit the crime is a question of fact for the jury to determine. In this case, if you find from the evidence that the defendant was so intoxicated that he could not think rationally and was thereby incapable of forming an intent to commit the crime charged, or if you have a reasonable doubt in your minds as to whether he was incapable of forming a criminal intent and of knowing the results of this action, then, and in that event, you should acquit him."

The jury did not believe defendant, and the evidence recited fully supports the verdict rendered.

■ Defendant's long record for crime brands him as an habitual criminal, and the punishment assessed could have been for life. See 21 O.S.1951 § 1720; 21 O.S.1951 § 51; Berkihiser v. State, 92 Okl.Cr. 31, 219 P.2d 1020; Ex parte Sanders, 95 Okl. Cr. 33, 238 P.2d 840.

There is nothing before the court that would authorize or justify a reduction of the sentence imposed.

The judgment appealed from is affirmed.

JONES, P. J., and BRETT, J., concur.